In the Matter of the Application of ROCKEFELLER CENTER, INC., Respondent, for an Order Fixing the Amount of an Undertaking to Discharge Certain Real Property Located at the Southeast Corner of West Forty-ninth Street and Sixth Avenue, in the Borough of Manhattan, City of New York, from the Lien of Each and Every Contractor, Subcontractor, Materialman or Laborer Performing Labor or Furnishing Material in or about the Performance of a Certain Contract Made by WILLIAM H. JACKSON COMPANY, INC.

AMERICAN BRASS COMPANY and Others, Appellants.

First Department, June 30, 1933.

*Emery H. Sykes* of counsel [*Sullivan & Cromwell*, attorneys], for the appellant American Brass Company.

*John Goodrum Miller* of counsel [*Buhler, King & Miller*, attorneys], for the appellant Art Metal Construction Co., Inc.

*M. M. Leichter* of counsel [*John L. Ketcham* with him on the brief; *Weissberger & Leichter*, attorneys], for the appellant Tuttle & Bailey Mfg. Co., Inc.

*Harold J. Faulkner* of counsel [*Campbell, Harding, Goodwin & Danforth*, attorneys], for the appellant American Abrasive Metals Co., Inc.

*Robert J. Blum*, for the appellant The Frink Corporation.

*Leo T. Kissam* of counsel [*J. Francis Hayden* with him on the brief; *Leo T. Kissam*, attorney], for the respondent.

FINCH, P. J. A contractor and subcontractors who had filed mechanics' liens against certain premises at Rockefeller Center appeal from an order granting a motion of the owner to cancel and discharge said liens upon the filing of a bond pursuant to section 37 of the Lien Law, and for an order approving the bond so filed.

The issue presented is whether section 37 of the Lien Law supersedes section 19 thereof, so as to permit the discharge of liens already filed in a manner other than that provided by section 19.

Section 37 of the Lien Law was enacted in 1929. In so far as material, it reads as follows: " The owner or contractor between whom a contract exists for the improvement of real property may, either before or after the commencement of the improvement, execute as a principal, a bond to the county clerk of the county where the premises are situated in such amount as the Supreme Court of this State, or any justice thereof, or the County Court or the county judge of such county may direct, which shall not be less than the amount then unpaid under such contract, conditioned for the payment of any judgment or judgments which may be recovered in any action brought for the enforcement of any and all claims, notices of which may be filed as in this section provided, arising by virtue of labor performed or materials furnished in or about the performance of any such contract. As many such bonds may be executed as there are contractors employed upon the improvement. * * *

" The claimant in order to perfect his claim shall within the time prescribed in this chapter for the filing of a notice of lien, file a notice of claim in the office of the clerk of the county where such bond is filed. Any such claimant who has so perfected his claim may bring an action on the bond for the enforcement thereof in any court

where an action might have been brought if such claim were a lien filed against such real property." (Law of 1929, chap. 515.)

It is evident that the section above quoted provides a means whereby an owner may prevent real property from being incumbered by mechanics' liens by filing an adequate bond in advance. Contractors thereafter become claimants against the bond instead of lienors against the property. Said section in no way purports to affect the rights of lienors under liens filed prior to the giving of the bond. Such liens may only be discharged in the manner provided by section 19 of the Lien Law. Section 37 clearly differentiates between claims filed thereunder and liens filed under section 19. No intention is evident in section 37 to displace section 19. Upon the contrary, the Legislature at the same session whereat section 37 was enacted, amended the procedure provided by section 19 of the Lien Law, thereby showing its vitality. Such amendment provided a means of discharging a lien by payment of moneys into court, by the insertion of the words " after notice of lien is filed," thus indicating that section 37 was not intended to provide a method of discharging liens filed prior to giving a bond under section 37. In order to obtain the discharge of such liens as are already filed, it is necessary still to proceed under section 19. This result arrived at is not only in keeping with the express wording of the two sections but also with the different factual situations presented when one is dealing with a case where liens are already filed and one where liens may be filed in the future.

The bond in the case at bar is in an amount substantially less than the aggregate of the liens already filed and takes no account of those which may yet be filed. Section 37 provides that the bond shall not be less than the amount remaining unpaid under the contract. This distinction further corroborates the contention that sections 37 and 19 of the Lien Law were enacted to cover different factual situations. Before liens are filed, the measure of the liability of the owner is naturally the amount due remaining on the contract, as provided in section 37. After a lien is filed, the measure by which the amount of the bond is fixed is the amount of the lien and interest and costs. Costs and interest have always been items entering into the amount for which the bond is fixed after the lien has been filed, except in those exceptional cases where the plaintiff is not entitled to interest. Section 3 of the Lien Law expressly provides for the inclusion of interest in the lien. In *General Supply & Const. Co.* v. *Goelet* (241 N. Y. 28, 38) it is said: " The courts below have refused to allow the plaintiff interest upon its claim. The Lien Law (Cons. Laws, ch. 33, section 3) provides that a contractor has a lien for the ' principal and interest of the value or the agreed price' of labor or

materials furnished. The contractor has the right to expect prompt payment for work and materials; the statute contemplates that if payment is withheld he is entitled to interest until payment is made."

Costs are provided for by section 53 of the Lien Law.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

MERRELL and O'MALLEY, JJ., concur; MARTIN and TOWNLEY, JJ., dissent.

MARTIN, J. (dissenting). The Rockefeller Center, Inc., engaged in erecting a building upon its property and entered into a contract with William H. Jackson Company, Inc., as contractor, to furnish the architectural metal work in the construction thereof. The several lienors herein furnished materials or labor, or both to William H. Jackson Company, Inc., for which they have not been paid. They filed notices of mechanics' liens aggregating over $15,000 against the property of Rockefeller Center, Inc., as owner, and against William H. Jackson Company, Inc., as contractor. Upon affidavits alleging that a balance " amounting to $8,998.08 remains unpaid " to the contractor, the respondent owner by virtue of the Lien Law made application to discharge and cancel of record all of said notices of mechanics' liens, upon furnishing a bond in the sum of $9,000, a sum less, by more than $6,000, than the aggregate of liens already filed. The application was granted in accordance with section 37 of the Lien Law and an order entered to that effect.

The question before us for consideration is the construction of section 37 of the Lien Law, which was enacted by the Laws of 1929, and upon which there appears to be no reported decision. The section reads in part as follows:

" § 37. Bond to discharge all liens. (1) The owner or contractor between whom a contract exists for the improvement of real property may, either before or after the commencement of the improvement, execute as a principal, a bond to the county clerk of the county where the premises are situated in such amount as the Supreme Court of this State, or any justice thereof, or the County Court or the county judge of such county may direct, which shall not be less than the amount then unpaid under such contract, conditioned for the payment of any judgment or judgments which may be recovered in any action brought for the enforcement of any and all claims, notices of which may be filed as in this section provided, arising by virtue of labor performed or materials furnished in or about the performance of any such contract. As many such bonds

may be executed as there are contractors employed upon the improvement."

That section also provides that upon the filing of the bond with the county clerk, an order shall be made by the court, judge or justice, discharging the property from the lien of each and every contractor, subcontractor, materialman or laborer performing labor or furnishing material in or about the performance of the contract described in the bond, and thereupon such contractor, subcontractor, laborer or materialman shall have a claim which shall attach against and be secured by the bond for the principal and interest of the agreed price of such labor and materials.

The lienors object to the order. Their objections may be summarized as follows: (1) That the only method whereby a lien may be discharged upon filing an undertaking followed by court order is that set forth in section 19 of the Lien Law of the State of New York. (2) That section 37 of the Lien Law does not contemplate the removal of notices of lien actually filed prior to the submission of a bond given pursuant to the section. (3) That upon the granting of this application claimants who are not lienors, and who have non-lienable claims, may receive a priority or preference to which they are not entitled. (4) The lienors who have already filed notices of lien should not be compelled to go through the formality of filing a second notice of lien in the form of a notice of claim, as provided for in section 37 of the Lien Law. (5) That the bond offered in the sum of $9,000 may be wholly inadequate to guarantee the payment of the fund remaining due from the owner to the contractor, particularly in view of the fact that the court did not fix the amount sufficiently in excess of the fund conceded to be due so as to cover interest and costs.

The respondent contends that the bond was regularly presented and approved and that it is in all respects in compliance with the provisions of section 37 of the Lien Law; that the lienors are amply protected thereby and that there are no equitable considerations which should require a bond for a larger amount. The respondent argues that the new section was intended to provide a simple method for the removal of all liens arising under a contract for the improvement of real property. It is pointed out that since in any event the lienors cannot obtain from the owner more than the amount unpaid under the contract it is an injustice to continue the old system which compelled the furnishing of a bond " not less than " each individual lien, even though the total was far in excess of the amount still due under the contract. The discharge of liens upon filing the bond gives no new or greater rights to claimants who have no liens. The new section gives all the protection

heretofore given, but also gives additional protection to the owner.

The method of discharging all liens provided by section 37 was intended to be an additional remedy given to an owner if he desires to take advantage of it. The remedy given under section 19 is not exclusive but may be resorted to if an owner does not wish to file a bond under section 37.

If the new section did not intend to cover all liens, including those filed or to be filed, it would be of very little value. The purpose of the section is *to free the* property of all liens. The title is " Bond to discharge *all* liens."

Under subdivision 11 it is provided that if a notice of lien be filed instead of a claim, as provided for in this section, the court or judge or justice thereof shall make an order discharging *such lien* if satisfied that the lien is secured by the bond given under the section. It is possible that in many cases where an owner proceeds to take advantage of the provisions of the new section, notices of lien may be filed before the application or during its pendency. If such liens cannot be discharged under said section the remedy intended to be given by the section may never be fully realized by the owner.

The intention of the Legislature was evidently to provide realty owners with a simple method of promptly removing all liens by the giving of one bond, which bond may be given either before or after the commencement of the improvement. If the contention of the appellants is correct the section would have provided for the giving of one bond before the commencement of the improvement and not at any time after such event.

We are of the opinion that the court at Special Term properly construed the statute, which construction is not alone practical but gives the provisions thereof the meaning that the Legislature intended when the statute was enacted, to remedy a particular condition which worked an injustice on the owners of property.

The order should be affirmed, with twenty dollars costs and disbursements.

Townley, J., concurs.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.