■ In the Matter of 101 PARK AVENUE ASSOCIATES et al., Respondents, v TRANE COMPANY, Appellant, and ROBERT A. KEASBEY Co., Respondent. — Order/judgment, Supreme Court, New York County (Thomas Galligan, J.), entered July 18, 1983, granting the plaintiff owners' application to discharge the Trane Company's mechanic's lien against their property, reversed, on the law, and the application denied, without costs or disbursements. Trane supplied heating and other equipment to a general contractor which installed it in the owners' building. The owners having withheld payments, the general contractor filed a mechanic's lien for an amount which presumably included the charges for the Trane-supplied equipment. This lien was discharged by the posting of a bond. Thereafter, Trane filed a mechanic's lien. Special Term discharged it upon the owners' application, holding it duplicative of the general contractor's claim and that it was merged in the discharge of the latter's lien. Special Term reasoned that its holding was a logical extension of the principle that a subcontractor's lien must find satisfaction out of whatever

may be owing from the owner to the general contractor. (See Lien Law, § 4; *Central Val. Concrete Corp. v Montgomery Ward & Co.,* 34 AD2d 860.) We find that Special Term erred by confusing an unpaid materialman's right to a mechanic's lien with those rules limiting the funds available to discharge liens. The statutes protecting the availability of mechanic's liens militate against a holding that, because the sum available to a subcontractor is restricted to that owed to his general contractor, the former's right to a lien is somehow restricted. Section 3 of the Lien Law gives an unpaid subcontractor an unqualified right to a mechanic's lien. Section 4 expressly recognizes that the sum of all liens filed may be greater than the amount remaining unpaid. Section 56 of the Lien Law specifically acknowledges that contemporaneous liens may be duplicative by recognizing that there may be several liens for the same claim "as where the contractor has filed a notice of lien, for the services of his workmen, and the workmen have also filed notices of lien". It is not for us to impose restrictions upon a statutory intent so clearly expressed. Concur — Sandler, Sullivan and Lynch, JJ.

Kupferman, J. P., and Ross, J., dissent in part in a memorandum by Kupferman, J. P., as follows: I would modify the order to the extent of reinstating the mechanic's lien filed by respondent-appellant The Trane Co., and I would direct that Trane's lien attach to the undertaking previously posted by the applicant respondent rather than to the improved realty. Applicants respondents 101 Park Avenue Associates and Kalikow 101 Park Ave. Realty Corp. are the owner-builders of a Manhattan office building recently under construction at 101 Park Avenue. Kalikow Construction Co. is the general contractor. Kalikow Construction entered into a subcontract with the Raisler Corp. to install hearing and air-conditioning facilities. Raisler contracted for and obtained materials for that subcontract from respondent-appellant The Trane Co. Neither Raisler nor Kalikow Construction is a party to this appeal. In July, 1982, the owners discharged Raisler from the subcontract on the ground that Raisler had failed to remedy installation of certain allegedly nonconforming coils in heating and air-conditioning units, and withheld over three million dollars in payments under the subcontract. Raisler then filed a notice under the mechanic's lien law dated July 14, 1982, against the subject realty, which stated that the amount remaining unpaid for labor and materials was $3,156,768. The owners then obtained an undertaking to discharge Raisler's lien (Lien Law, § 19, subd [4]), in an amount set by an order at Special Term (Riccobono, J.), dated July 19, 1982. On August 17, 1982, The Trane Co., which supplied the materials to Raisler for performance under its subcontract, filed a notice under mechanic's lien law against the improved realty. The owners then applied to Special Term for an order vacating the mechanic's lien filed by The Trane Co. and another materialman, Robert A. Keasbey Co., on the ground that the owner had already secured any amount that might be owed the materialmen by the posting of the undertaking discharging the Raisler mechanic's lien. Special Term (Galligan, J.), by order entered on July 18, 1983, granted the application, stating in its memorandum decision that the materialmen's liens are duplicative of and merged in the mechanic's lien filed by Raisler. The majority states correctly that the statutory framework of the New York Lien Law affords a materialman the unqualified right to file a mechanic's lien even if the aggregate of mechanic's liens filed exceeds the lien fund as described in section 4 of the Lien Law. However, where, as here, the owner of the property which is attached has filed an undertaking fully securing the entire lien fund, fairness requires that any additional mechanic's lien, filed by a materialman of the subcontractor whose lien has been discharged, should attach to the undertaking rather than to the realty. (Cf. *Morton v Tucker,* 145 NY 244, 249.) Section 37 of the Lien Law,

entitled "Bond to discharge all liens", on its face would appear to aid the applicants respondents, but this court has held that section 37 is only available to an owner before the mechanic's lien sought to be discharged has been filed, and that afterwards section 19 of the Lien Law is an owner's sole remedy. (See *Matter of Rockefeller Center,* 238 App Div 736 [1st Dept]; but see *Trustees of Hanover Sq. Realty Investors v Weintraub,* 52 AD2d 600, 601 [2d Dept].) Under the majority's holding, the owner is unjustifiably burdened with the cost of posting successive undertakings to secure amounts for materials that were secured by previous undertakings.