■ SANCO MECHANICAL, INC., Respondent, v DKS GENERAL CONTRACTORS & CONSTRUCTION MANAGERS, INC., et al., Defendants, and W2001 METROPOLITAN HOTEL REALTY, LLC, Appellant. (And a Third-Party Action.) [824 NYS2d 69]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 11, 2005, which directed the New York County Clerk to reinstate a mechanic's lien filed by plaintiff against the property of defendant W2001 Metropolitan Hotel Realty, LLC, nunc pro tunc, unanimously affirmed, without costs.

Plaintiff commenced the instant action to foreclose on a mechanic's lien filed in connection with a renovation project at the Metropolitan Hotel in Manhattan. Defendant W2001 Metropolitan Hotel Realty, LLC (W2001) owned the property, and defendants DKS General Contractors & Construction Managers (DKS) and Mechanical Resources, Inc. (MRI) acted as general contractor and subcontractor, respectively. Plaintiff was hired by DKS as an additional subcontractor for certain mechanical work.

In July 2004, plaintiff filed a notice of mechanic's lien against W2001's property due to DKS's and/or MRI's failure to pay for work and materials supplied by plaintiff. Subsequently, plaintiff commenced the action against W2001, DKS and MRI to foreclose on the lien, and further sought contractual and quasi-contractual recovery from DKS and MRI.

On January 18, 2005, DKS filed a surety bond with the New York County Clerk, and copies of the bond were served on plaintiff's counsel on or about January 19, 2005. The County Clerk accepted the bond and discharged the lien of record. Three months later, plaintiff moved to amend the complaint to add the surety, Builder's and Contractor's Assurance Company, Ltd., as a defendant. The motion was granted and plaintiff filed an amended complaint on April 18, 2005.

When the surety failed to respond to the amended complaint, plaintiff's counsel investigated its status on the New York State Department of Insurance's Web site and discovered that the surety was not authorized to do business in New York. Accordingly, on June 17 2005, plaintiff moved to reinstate the mechanic's lien, nunc pro tunc, on the ground that the bond was invalid. Specifically, plaintiff argued that the County Clerk erroneously discharged the lien without a court order because, although a bond had been filed, the surety that issued it was not authorized to do business in New York, as required by Lien Law § 19 (4) (a). In opposition, W2001 argued that plaintiff failed to object to the bond until May 2005, four months after the bond was served upon it. In reply, plaintiff asserted that even if the 10-day period to object to a surety in Lien Law § 19 (4) (a) applied in this circumstance, such period never began to run because the copy of the bond served upon it was different from the copy filed with the County Clerk.

Supreme Court properly granted plaintiff's motion to reinstate the mechanic's lien. Lien Law § 19 (4) was amended effective in 2003 to authorize the discharge of mechanic's liens by bond without a court order in certain circumstances (L 2002, ch 582, § 1). Under the prior statute, the discharge of a mechanic's

lien by bond was a judicial function which required at least two court orders—the first setting the amount of the bond and the second approving the undertaking and formally discharging the lien. Under the 2003 amendment, the court's role was substantially eliminated in routine bonding applications. Under paragraph (a) of the revised subdivision (4), the lien is discharged if the owner or contractor executes a bond or undertaking from a surety authorized to do business in New York in an amount equal to 110% of the lien amount. In addition, if a "certificate of qualification" issued by the superintendent of insurance is filed with the bond in the County Clerk's office, and the bond is served on the adversary, the undertaking becomes effective and the lien discharged upon such filing and service. If a certificate of qualification is not filed with the bond, however, the adverse party may object to the sufficiency of the surety by filing written notice of exception within 10 days of the receipt of a copy of the undertaking.

In contrast to the above procedure, paragraph (b) of subdivision (4) continues to require a judicial role in the discharging of a lien by bond. Significantly, paragraph (b) expressly states that it applies "[i]n the case of bonds or undertakings not executed pursuant to paragraph a of this subdivision." A comparison of paragraphs (a) and (b) makes it clear that bonds "executed pursuant to paragraph a" refer to bonds or undertakings issued by "any fidelity or surety company authorized by the laws of this state to transact business," while paragraph (b) applies to bonds issued by unauthorized sureties. Accordingly, in the absence of a bond issued by a surety authorized to do business in New York, a court order is required to discharge a lien by bond.

Any potential ambiguity in determining the scope of paragraphs (a) and (b) is eliminated by the Assembly memorandum in support of the 2003 amendment, which states in pertinent part:

"The Commission recommends . . . that the procedure by which bonds issued by sureties that are authorized by the State be permitted to be filed and become effective without a court order approving the bond and discharging the lien. Additionally, in such instances, the Commission recommends that CPLR article 25 (undertakings) otherwise govern bonds discharging mechanics' liens . . .

"However, if the party seeking to discharge the lien fails to secure a bond from an authorized surety, the provisions of CPLR article 25 will not apply and the party will be required to obtain a court order approving the bond and discharging the lien." (Assembly Mem in Support of L 2002, ch 582, 2002 McKinney's Session Laws of NY, at 2064.)

Because the surety that issued the bond in this case was not authorized to do business in New York, paragraph (a) did not apply and the lien should not have been discharged without a court order. The fact that the County Clerk erroneously discharged the lien, based upon the false certification by the surety that it was authorized to do business in New York, did not deprive the motion court of jurisdiction to reinstate the improperly discharged lien. On the contrary, because the procedures in the Lien Law must be strictly followed and courts lack discretion to excuse noncompliance (*Matter of HMB Acquisition Corp. v F&K Supply*, 209 AD2d 412 [1994]), the discharge of the lien without a court order violated the provisions of Lien Law § 19 (4), and the court was obligated to correct the error. In our view, reinstatement of the lien nunc pro tunc was the appropriate remedy under the circumstances.

We reject W2001's argument that plaintiff waived any objection to the bond by failing to object to the surety within the 10-day period in Lien Law § 19 (4) (a). As indicated above, paragraph (a) of subdivision (4), which includes the 10-day provision for objecting to a surety, does not apply in this case where the bond was issued by an unauthorized surety. Nor does the motion court's alternative rationale for reinstating the lien undermine our conclusion that the lien was improperly discharged. The motion court merely ruled that even if the 10-day period in Lien Law § 19 (4) (a) applied, it never began to run because of improper service of the bond. Our finding that the 10-day period is inapplicable renders this argument academic.

We have examined defendant's additional contentions and find them to be without merit. Concur—Tom, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.