■ W & W GLASS, LLC, Appellant-Respondent, v 1113 YORK AVENUE REALTY COMPANY LLC et al., Respondents-Appellants, and SOTA GLAZING, INC., Respondent-Respondent, et al., Defendants. [979 NYS2d 318]—

Contrary to the York defendants' contention, plaintiff's and Sota's filing of duplicate liens on the total amount due on their invoices for each of two separately owned parcels that comprised a single development site did not constitute willful exaggeration of the liens (Lien Law §§ 39, 39-a). Lien Law § 4 "expressly recognizes that the sum of all liens filed may be greater than the amount remaining unpaid" (*Matter of 101 Park Ave. Assoc. v Trane Co.*, 99 AD2d 428, 429 [1st Dept 1984], *affd* 62 NY2d 734 [1984]; *see also generally Matter of Niagara Venture v Sicoli & Massaro*, 77 NY2d 175, 181-182 [1990]). Defendants do not contend that the amount stated in any particular lien filed against either of the parcels exceeds the value of the actual labor and equipment provided by plaintiff or Sota to the project.

The record shows that plaintiff sent monthly requisitions for payment to the York defendants, in accordance with the parties' agreement, and that the York defendants failed to timely object to the requisitions. Plaintiff is entitled to interest at the rate of 1% per month on any overdue requisition (*see* General Business Law §§ 756-a, 756-b).

Plaintiff argues that defendant 60th Street should have been held jointly and severally liable with York for the money judgment and that the judgment should provide for conditional foreclosure against 60th Street's parcel in the event that the York defendants' filed undertaking becomes compromised. However, the parties' agreement provides that York will be individually li-

able for any unpaid overdue invoices, and there is no evidence that the York defendants' filed undertaking or the value of York's parcel alone would be insufficient to satisfy the judgment (*see* Lien Law § 19 [4]; *see generally Morton v Tucker*, 145 NY 244 [1895]; *Sanco Mech., Inc. v DKS Gen. Contrs. & Constr. Mgrs., Inc.*, 34 AD3d 271 [1st Dept 2006]).

We find no reason to disturb the court's exercise of discretion in not awarding sanctions.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Gonzalez, P.J., Friedman, Renwick, Freedman and Richter, JJ.