■ DAVID MORTISE, Doing Business as EMPIRE CONSTRUCTION Co., Respondent, v 55 LIBERTY OWNERS CORP. et al., Defendants, and CHRISTOPHER ANDERSON et al., Appellants. — Order, Supreme Court, New York County (Richard S. Lane, J.), entered November 5, 1982, which, *inter alia,* denied the motions of individual defendants Christopher Anderson (Anderson), George Nash (Nash) and Gabriel Hoffman (Hoffman) to dismiss the complaint and for related relief, is reversed, to the extent appealed from, on the law, the separate motions of defendants Anderson, Nash and Hoffman are granted, and it is directed that the individual undertakings, posted by these defendants to discharge mechanic's liens, are discharged, without costs. ¶ Defendants Anderson, Nash and

Hoffman have each purchased cooperative shares in a building known as 55 Liberty Street, Manhattan. Before being turned into a cooperative apartment house, the subject premises, according to its certificate of occupancy, had been an office building. Between May and September, 1980, each defendant entered into a separate written agreement with the plaintiff to turn the space he had purchased into dwelling units. Besides defendants, other persons who owned cooperative apartments in 55 Liberty Street were also remodeling. Ultimately, in October, 1981, the Department of Buildings of the City of New York issued a new certificate of occupancy, which classified the building as residential. ¶ Plaintiff commenced performance. Thereafter, defendant Anderson terminated plaintiff's employment, as a result of alleged breaches of their agreement; while defendants Nash and Hoffman terminated plaintiff's employment as a result of alleged poor and incomplete performance. In response, plaintiff filed a notice of mechanic's lien against each defendant. Subsequently, the defendants discharged these liens by posting undertakings. In October, 1981 plaintiffs started an action to foreclose the mechanic's liens, in order that plaintiff could recover damages from each defendant for labor, services and materials that he had supplied. Defendants served and filed answers. All of the answers contained, as an affirmative defense, the allegation that plaintiff's action was barred, since he had not been licensed by New York City to engage in the business of home improvement. Based upon this defense, defendants moved to dismiss. Their motions were denied. We find Special Term erred. ¶ We hold that plaintiff's conceded unlicensed status renders these contracts unenforceable. It is undisputed by plaintiff that his task was to convert the property so that defendants could live in it. Thus, we conclude that the kind of work done herein by plaintiff falls within the scope of the definition of home improvement found in subdivision 2 of section B32-351.0 of the Administrative Code of the City of New York. This subdivision reads in pertinent part: " 'Home Improvement' means the construction * * * remodeling, alteration, conversion * * * renovation * * * [done] to any * * * building, or that portion thereof which *is used or designed to be used as a residence or dwelling place"* (material in brackets added and emphasis supplied). This section is part of article 42 of the Administrative Code, entitled: "HOME IMPROVEMENT BUSINESS". The City Council stated that its purpose "in enacting this article [was] to safeguard and protect the home owner against abuses and fraudulent practices by licensing persons engaged in the home improvement, remodeling and repair business" (Administrative Code, § B32-350.0; material in brackets added). The legislative intent was clearly to protect against fraudulent practices and the seriousness with which the City Council regarded this problem is obvious from the fact that an unlicensed person who performs home improvement work in New York City is guilty of a misdemeanor (Administrative Code, § B32-365.0, subd 1). ¶ "Since the purpose of the regulatory scheme is to protect the public * * * safety * * * lack of [a] * * * license bars recovery on the agreement" (*Richards Conditioning Corp. v Oleet,* 21 NY2d 895, 896-897; material in brackets added). Considering that these contracts are void, we direct that the undertakings be discharged. Concur — Kupferman, J. P., Sandler, Ross, Silverman and Alexander, JJ.