■ CHOSEN CONSTRUCTION CORP., Respondent and Third-Party Plaintiff, v ERIC SYZ et al., Appellants, et al., Defendants, et al., Third-Party Defendants. (Action No. 1.) SUN SYSTEM PREFABRICATED SOLAR GREENHOUSES, INC., Respondent, v ERIC SYZ, Appellant. (Action No. 2.)—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered September 14, 1987, which denied the motion by defendants Eric and Suzanne Syz and Fidelity and Deposit Company of Maryland for an order granting summary judgment dismissing the complaints of plaintiffs Chosen Construction Corp. and Sun System Prefabricated Solar Greenhouses, Inc., is unanimously reversed, on the law, and the motion granted and the undertakings posted by the individual defendants to discharge mechanic's liens are discharged, with costs and disbursements payable to defendants.

In 1982, defendants Eric and Suzanne Syz, the owners of a cooperative apartment in lower Manhattan, contracted with plaintiff Chosen Construction Corp. (Chosen) to build a rooftop extension onto their apartment, including the erection of a greenhouse. Chosen subcontracted with first action defendant and second action plaintiff Sun System Prefabricated Solar Greenhouses, Inc. (Sun) to install the greenhouse at the Syz apartment. It appears that the individual defendants made substantial payments to Chosen but thereafter refused to pay additional amounts when the project was not substantially completed by the contract date.

Chosen and Sun then brought separate actions, consolidated herein, to recover amounts allegedly due under their contracts and for work performed. Thereafter, defendants Syz and Fidelity and Deposit Company of Maryland moved for summary judgment against both plaintiffs, based on their failure to comply with the requirements of section 20-385 *et seq.* of the Administrative Code of the City of New York (formerly Administrative Code § B32-352.0). That Administrative Code provision requires that home improvement contractors secure a license from New York City as a condition for doing such work. Chosen had never sought a home improvement contractor's license from the New York City Department of Consumer Affairs, and Sun obtained its license *after* the project for the Syzes. The IAS court denied defendants' motion for summary judgment dismissal of the complaints, finding issues of fact as to whether the work performed was a "home improvement" within the meaning of the statute. The court further found that section 20-385 was an affirmative defense which should have been raised in the answer in Sun's action No. 2, by defendants, pursuant to CPLR 3018 (b).

We find that both of these rulings were erroneous as a matter of law and, therefore, reverse.

"Home improvement" is defined in section 20-386 (2) of the Administrative Code as: "2. 'Home improvement' means the construction, repair, replacement, remodeling, alteration, conversion, rehabilitation, renovation, modernization, improvement, or addition to any land or building, or that portion thereof which is used or designed to be used as a residence or dwelling place and shall include but not be limited to the construction, erection, replacement, or improvement of driveways, swimming pools, terraces, patios, landscaping, fences, porches, garages, fallout shelters, basements, and other improvements to structures or upon land which is adjacent to a dwelling house. 'Home improvement' shall not include (i) the construction of a new home or building or work done by a contractor in compliance with a guarantee of completion of a new building project". Further, pursuant to section 20-387 (a): "No person shall * * * perform or obtain a home improvement contract as a contractor or salesperson from an owner without a license therefor." These provisions have been uniformly held to bar any recovery for breach of contract or in quantum meruit on the part of an unlicensed home improvement contractor *(see, Mortise v 55 Liberty Owners Corp.,* 102 AD2d 719, *affd* 63 NY2d 743; *Millington v Rapoport,* 98 AD2d 765; *Zimmett v Professional Acoustics,* 103 Misc 2d 971).

Both the contract between plaintiff Chosen and the Syz defendants and Chosen's mechanic's lien describe the work as a "roof top addition and alteration". The work performed included linking the existing apartment with a renovated tank room on the roof by a new stairway and the addition of a greenhouse next to the tank room. Contrary to Chosen's contention, this clearly is not a "new building" project but an addition and alteration to an existing apartment in an existing building and, therefore, included within the statutory definition of a "home improvement".

Further, whether or not Chosen or Sun possessed valid building permits is of no import. Each failed to secure the requisite home improvement contractor's license and strict compliance with the licensing statute is required, with the failure to comply barring recovery regardless of whether the work performed was satisfactory, whether the failure to obtain the license was willful or, even, whether the homeowner knew of the lack of a license and planned to take advantage of its absence (see, Millington v Rapoport, supra, at 766, and cases cited therein). The fact that an alteration to a residence requires a building alteration permit does not obviate the necessity for the contractor to comply with the statute.

Finally, plaintiff Sun, rather than defendants, had the burden of pleading its possession of the home improvement contractor license. Sun began its action early in 1984. CPLR 3015 (e), applicable as of July 30, 1983 to all actions commenced on and after that date, provides, inter alia, that where a plaintiff's action against a consumer arises from the conduct of a business required to be licensed, the complaint must allege that the plaintiff is licensed. Therefore, the IAS court's reliance on CPLR 3018 (b) was mistaken.

Since we find that any recovery by the contractors is barred, we direct that the undertakings furnished by defendant Fidelity to discharge the mechanic's liens asserted against the Syz apartment be discharged (see, Mortise v 55 Liberty Owners Corp., supra, at 720). Concur—Kupferman, J. P., Sullivan, Asch, Milonas and Kassal, JJ.