■ NICK PAPADOPULOS, Doing Business as PALLAS CONSTRUCTION Co., Appellant, v GERARD SANTINI et al., Respondents.— Order of the Supreme Court, New York County (Myriam Altman, J.), entered on or about December 14, 1988, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint pursuant to CPLR 3212 and severed and continued defendants' counterclaim, is unanimously affirmed, without costs or disbursements.

Contrary to plaintiff's assertions, the IAS court properly dismissed plaintiff's action seeking to recover for work, labor, services and materials provided by the plaintiff at the defendants' cooperative apartment. In that regard, the court was warranted in determining that the oral contract entered into between the parties was void and unenforceable due to plaintiff's admitted failure to obtain a home improvement license as required by Administrative Code of the City of New York § 20-387 (a). Moreover, the court appropriately concluded that plaintiff's failure to plead and possess the requisite license to perform home improvement contracts barred plaintiff's recovery in either contract or quantum meruit regardless of whether the work was performed satisfactorily or whether the failure to obtain the license was willful *(Mortise v 55 Liberty Owners Corp.,* 102 AD2d 719, *affd* 63 NY2d 743; *Chosen Constr. Corp. v Syz,* 138 AD2d 284, 286; *Hammerman v Jamco Indus.,* 119 AD2d 544). Concur—Murphy, P. J., Carro, Milonas, Kassal and Wallach, JJ.