■ PRIMO CONSTRUCTION, INC., Appellant, v RUTH H. STAHL, Respondent, et al., Defendants. PRIMO CONSTRUCTION, INC., Appellant, v RUTH H. STAHL, Respondent, et al., Defendants.— Orders, Supreme Court, Bronx County (Jack Turret, J.), entered on June 6, 1989, which granted defendant Stahl's motion for summary judgment pursuant to CPLR 3212 dismissing the complaints and vacating plaintiff's mechanic's liens and denied plaintiff's cross motions for leave to serve amended complaints, unanimously affirmed, without costs.

Contrary to plaintiff's assertions, upon review of the record, we find that the IAS court properly dismissed plaintiff's actions seeking to recover for work, labor, services and materials provided by the plaintiff at two residential premises owned by defendants based upon the court's determination that the oral contract entered into between the parties was void and unenforceable by reason of plaintiff's admitted failure to obtain a home improvement license as required by section 20-387 (a) of the Administrative Code of the City of New York.

Similarly, the plaintiff's failure to plead and possess the requisite license to perform home improvement contracts barred plaintiff's recovery in either contract or quantum meruit, regardless of whether the work was performed satisfactorily or whether the failure to obtain the license was willful. (*Mortise v 55 Liberty Owners Corp.*, 102 AD2d 719, *affd* 63 NY2d 743; *Chosen Constr. Corp. v Syz*, 138 AD2d 284, 286; *Hammerman v Jamco Indus.*, 119 AD2d 544.)

Finally, we find that the IAS court did not abuse its discretion in denying plaintiff's cross motion seeking leave to plead an after-acquired home improvement license pursuant to CPLR 3015 (e). Strict compliance with the licensing statute is required. (*Chosen Constr. Corp. v Syz*, 138 AD2d, *supra*, at 286.)

As previously held in *B & F Bldg. Corp. v Liebig* (155 AD2d 377), where this court affirmed the denial of plaintiff's cross motion to amend its complaint to allege an after-acquired home improvement license pursuant to CPLR 3015 for the reasons stated by Leonard Cohen, J. (Sup Ct, NY County, index No. 07076/87, Dec. 14, 1988), the enactment of CPLR 3015 (e) merely shifted the burden from the consumer to the plaintiff with regard to pleading the requisite license or lack thereof. It was not intended to repeal or overrule the law invalidating contracts or imposing criminal sanctions for unli-

censed contracting. "Instead, the 'after-acquired license' provision in CPLR 3015 (e) appears to be applicable only where the contractor was licensed at the time the contract was entered into and the work was done, but unlicensed by expiration or otherwise, when the suit was commenced." (Sup Ct, NY County, Dec. 14, 1988, *supra; see also, Zandell v Zerbe,* 139 Misc 2d 737; *see also,* Siegel, *Statute Purporting to Allow Post-Job Licensing By Contractor is Narrowly Construed, and Does Not Cover Earlier Job,* NY Dig, Apr. 1990, No. 364, at 3 [NY St Bar Assn].) Concur—Kupferman, J. P., Ross, Rosenberger, Kassal and Smith, JJ.