OPINION OF THE COURT
Kenneth L. Thompson, Jr., J.
This matter was tried before the court without a jury. The action involves a suit by plaintiff for damages for breach of *650 contract, for services rendered and for an account stated for the sum of $6,274. The defendant has counterclaimed for damages for breach of contract in the amount of $8,500.
THE FACTS
The facts involved herein are relatively simple and uncontroverted. The plaintiff is a New Jersey corporation with its principal place of business in Edison, New Jersey and is not licensed as a home improvement contractor pursuant to Administrative Code of the City of New York § 20-387 (a). On or about April 2, 1987 the defendant, a cooperative housing corporation, entered into a contract with plaintiff to repair its swimming pool located at 601 Kappock Street in the Bronx. The contract with plaintiff required the plaintiff to remove the deck, coping and tile and to marcite the entire interior of the main pool and to paint the baby pool. The price that defendant agreed to pay the plaintiff for these services was $37,000. As of September 1, 1987 plaintiff alleges that $4,650 remains unpaid on this contract. The plaintiff also alleges that the defendant had it engage a fencing contractor to install a baby pool fence for the sum of $1,623.75 which plaintiff paid to the fencing contractor and for which plaintiff submitted a bill to defendant on or about August 17,1987 which has not been paid.
While the contract itself did not specify a date for completion of the work by plaintiff it was understood that completion of the pool repairs would be done before Memorial Day weekend of 1987. Plaintiff alleges that it stopped working on defendant’s pool on or about the end of May 1987 or the beginning of June 1987 because defendant was late in making its payment under the contract. Plaintiff submitted no documentary proof to this effect.
The repair work on defendant’s pool was finally completed by plaintiff by the end of June 1987 or the beginning of July 1987. The swimming pool opened on July 25, 1987.
The swimming pool was owned by the defendant cooperative housing corporation and charged membership fees during its season which ran from Memorial Day to Labor Day. The rates charged for members who were cooperative unit owners were somewhat lower than those charged for nonresident members, but access to defendant’s swimming pool required payment of a fee to the defendant, 601 Kappock Owners Corp.
THE DEFENDANT’S MOTION TO DISMISS
Before proceeding to the merits of plaintiff’s claims and *651 defendant’s counterclaims it is necessary to dispose of the defendant’s motion to dismiss, made after the close of plaintiff’s case. The crux of defendant’s CPLR 3211 (a) (7) motion to dismiss is that plaintiff is an unlicensed home contractor and in light of CPLR 3015 (e) and Administrative Code § 20-387 (a) its failure to plead and prove that it was licensed is fatal to its cause of action.
The preamble to title 20 (ch 2, subch 22) of the Administrative Code, § 20-385, states "It is the purpose of the city council in exacting this subchapter to safeguard and protect the homeowner against abuses and fraudulent practices by licensing persons engaged in the home improvement, remodeling and repair business.” "This statute was enacted for the very purpose of protecting homeowners” (see, Dartmouth Plan v Valle, 117 Misc 2d 534, 540, citing Vegliack v Mazzella, 73 Misc 2d 90; see also, Millington v Rapoport, 98 AD2d 765).
As per section 20-386 (4) of the Administrative Code, owner is defined to mean "any homeowner, condominium unit owner, tenant, or any other person who orders, contracts for or purchases the home improvement services of a contractor or the person entitled to the performance of the work of a contractor pursuant to a home improvement contract.” Case law has added a judicial gloss to this statute to also include residential cooperative owners within the definition of "homeowner”. (See, Chosen Constr. Corp. v Syz, 138 AD2d 284.) Moreover, even in instances where cooperative apartment owners have sought to convert nonresidential apartment units into dwelling units the courts have applied the definition of "homeowner” to them. (See, Mortise v 55 Liberty Owners Corp., 102 AD2d 719.)
The court is cognizant of and takes judicial notice of the purposes for which cooperative corporations are formed (see, Perez v One Clark St. Hous. Corp., 108 AD2d 844, 845, citing Cooperative Corporations Law §3 [c], [d]), namely, "so that shareholders may personally benefit from their membership in the cooperative”. However, to confer the status of "homeowner” upon the defendant cooperative housing corporation would entail piercing its veil. Merely because the shareholders as an incident of their stock ownership occupy their apartments under a proprietary lease and use these apartments in a personal way does not render the corporate structure a sham. "Courts will pierce the corporate veil [only] when it is clear that shareholders are using the corporation merely as a conduit to conduct their personal business in order to shield *652 themselves from personal liability * * * or where 'necessary "to prevent fraud or to achieve equity” ’ ”. (See, Perez v One Clark St. Horn. Corp., supra, at 844, citing Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 657; Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163; International Aircraft Trading Co. v Manufacturers Trust Co., 297 NY 285.) The facts do not warrant this action by the court.
Furthermore, the work performed by the plaintiff was not work performed upon a residence or dwelling unit but rather upon a facility that had a definitive commercial aspect to it. This work was performed by plaintiff upon an essentially commercial space and was not a home improvement upon a residence or dwelling unit. (See, Goldson v Ceskin, Inc., NYLJ, Jan. 4, 1990, at 26, col 2.) The means whereby access was acquired to said swimming pool, by payment of a membership fee by both dwelling unit owners and by the public-at-large, clearly establishes that said swimming pool was not appurtenant to the cooperative apartments in 601 Kappock Street, Bronx, New York.
Accordingly, for the foregoing reasons the defendant’s motion to dismiss plaintiff’s action is denied in its entirety.
DECISION OF THE COURT
From the proof adduced at trial it is clear that the completion date for plaintiff’s repair work on defendant’s swimming pool was prior to the Memorial Day weekend of 1987 and that the price for this work was $37,000 of which $6,274 is still owed and due from defendant. However, plaintiff has not submitted any documentary evidence that would prove that untimely payments by the defendant were the cause of plaintiff’s delay. Moreover, the business records submitted by defendant clearly establish that defendant’s earnings for membership fees to its pool decreased by $3,724 from the 1987 year as compared to 1988 year of operations. From the record it is also clear that plaintiff already paid $112.50 in lifeguard fees occasioned by its delay in completing the repair work on defendant’s swimming pool.
The record is devoid of any proof that would establish that plaintiff is not entitled to its claim for $1,628.75 representing amounts paid by plaintiff for installation of new baby pool fence and walkway handrail as reflected in the bill of August 17, 1987 sent to the defendant. Defendant has not submitted any proof that would establish that this bill was ever repudiated or rejected by the defendant.
*653 Accordingly, plaintiff is awarded judgment in the sum of $7,902.75 on its claims and defendant is awarded judgment on its counterclaim in the sum of $3,611.50.
Plaintiff’s judgment of $7,902.75 is reduced and offset by defendant’s judgment of $3,611.50. Plaintiff is awarded a final judgment in the sum of $4,291.25, with interest from July 25, 1987.