■ In the Matter of the Arbitration between MELVIN HELLER, Respondent, and CLARK CONSTRUCTION CORPORATION, Appellant.—Judgment, Supreme Court, New York County (Jawn A. Sandifer, J.), entered September 20, 1990, which granted petitioner's motion to stay arbitration, unanimously affirmed, without costs.

Petitioner entered into a home improvement contract with respondent in June, 1989. While respondent corporation did not have a home improvement license, both its principal, Christopher Clark, and C. Clark Construction Corp., an independent entity, did have one when partial payment was made by petitioner. Respondent demanded arbitration, pursuant to the terms of the contract. Petitioner moved to stay the arbitration on the ground that, *inter alia,* petitioner was an unlicensed home improvement contractor. The IAS court granted the stay since "[s]trict compliance with the licensing statute is * * * required and recovery is barred. (See Chosen Construction Corp. v. Syz, 138 A.D.2d 284, 286)." We agree.

The purpose of the licensing requirement at issue is to "safeguard and protect the homeowner against abuses and fraudulent practices" (Administrative Code of City of New York § 20-385). While respondent maintains that the Department of Consumer Affairs' "procedures" caused it not to obtain the needed license, such claims are unsubstantiated. It is clear that "[n]o person shall * * * perform or obtain a home improvement contract * * * without a license therefor." (Administrative Code § 20-387 [a]; *and see,* § 20-401.) The requirement of obtaining such a license is clearly not a ministerial act or mere technicality. *(See, e.g., B & F Bldg. Corp. v Liebig,* 76 NY2d 689, 692.)

Respondent urges that the arbitrators, rather than the

court, should decide whether arbitration should be stayed. However, in circumstances such as this, where arbitration is demanded by an unlicensed home improvement contractor, courts will intervene and stay such arbitration. *(See, Matter of Schwartz [American Swim Pools],* 74 AD2d 638, 639.) Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.