[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After this court denied the plaintiff's application to discharge a mechanic's lien filed by the defendant (Memorandum of CT Page 9995 Decision, July 31, 1992), the plaintiff moved to set aside the court's determination on the ground of newly discovered evidence. The defendant did not object to the reopening of the issue of the validity of the lien.
At the rehearing, the plaintiff presented evidence which the court finds establishes that the defendant was not, in fact, at the time he performed home improvements at the plaintiff's premises at 37 Henry street, East Haven, a registered home improvement contractor.
Section 20-429(a) C.G.S. provides in relevant part that "[n]o home improvement contract shall be valid or enforceable against an owner unless it . . . (8) is entered into by a registered salesman or registered contractor."
Since it has been established that the defendant was not, at the time he undertook the renovation of plaintiff's property, a registered contractor, he is barred from recovery pursuant to20-429(a). Unlike the situation with regard to omission of terms from a written contract, which may be subject to exceptions made to avoid injustice where a homeowner invokes the omission in bad faith, see Barrett Builders v. Miller, 215 Conn. 316, 329-335
(1990), the Connecticut Supreme Court has recognized no exception with regard to failure to obtain the required licensure. Indeed, the dissenters in Barrett Builders, supra, at 331, cite with approval cases from other jurisdictions denying recovery to contractors who had failed to obtain proper licenses. Harry Berenter, Inc. v. Berman, 258 Md. 290, 293, 265 A.2d 759 (1970); Chosen Construction Corp. v. Syz, 138 App. Div.2d 284, 285,525 N.Y.S.2d 848 (1988); Mortise v. Liberty Owners Corp.,102 App. Div.2d 719, 477 N.Y.S.2d 2, aff'd, 63 N.Y.2d 743,469 N.E.2d 529, 480 N.Y.S.2d 208 (1984). See, in accord, Bill Lucia Renovations, Inc. v. Roy S. Clauss, 2 Conn. L. Rptr. 377
(Lewis, J. 1990).
Since a contractor who is not registered cannot recover for home improvement services performed, he cannot be held to have established probable cause as to the validity of his mechanic's lien pursuant to 49-37(b) (5) C.G.S.
The application to discharge the lien is therefore granted.
Beverly J. Hodgson Judge of the Superior Court CT Page 9996