■ BLAKE ELECTRIC CONTRACTING Co., INC., Respondent, v MICHELE M. PASCHALL et al., Appellants, and P.V.S., INC., Respondent. [635 NYS2d 205] —Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered April 18, 1995, which, *inter alia*, denied appellants' motion for summary judgment dismissing plaintiff Blake Electric Contracting Co.'s amended complaint, denied cancellation of plaintiff's mechanic's lien and the bond filed to discharge it, denied summary judgment dismissing the cross-claims of defendant P.V.S., Inc., granted the cross-motion by defendant P.V.S., Inc. to assert additional claims against appellants, denied appellants' motion for sanctions and directed the completion of discovery, unanimously reversed, on the law, to the extent appealed from, as limited by their brief, appellants' motion granted, the amended complaint and cross-claims dismissed as to appellants, and the mechanic's lien and the bond discharged, with costs. The clerk is directed to enter judgment in favor of appellants dismissing the amended complaint and cross-claims against them, with costs.

Defendant P.V.S., Inc. of Dix Hills, New York, was retained by appellants, Michele Marsh Paschall and her husband,

Nathaniel Price Paschall, to combine two cooperative apartment units into a single unit for a contract price of $437,257. Plaintiff Blake Electric Contracting Co. was engaged by P.V.S., apparently under a verbal agreement, to perform the electrical work. After one year had elapsed and some $270,000 had been paid to P.V.S., the work remained uncompleted. The Paschalls became suspicious that they were being overcharged for "extras" and contacted the New York City Department of Consumer Affairs. This litigation ensued when the Paschalls, having learned that P.V.S. lacked the requisite contractor's license (Administrative Code of City of NY § 20-387 [a]), terminated the contract, and P.V.S. neglected to pay plaintiff Blake Electric some $68,000 for the work it had performed.

In a previous application, appellants moved to dismiss plaintiff's amended complaint on the ground that the failure of defendant P.V.S. to obtain a license barred any derivative claim against them arising out of the contractor's failure to pay its subcontractor. Supreme Court dismissed only those causes of action sounding in quantum meruit and account stated, and left standing claims of fraudulent representation and violation of the Lien Law, as well as a cause of action seeking foreclosure of plaintiff's mechanic's lien. P.V.S. then instituted a cross-claim alleging breach of contract, quantum meruit and account stated.

Appellants again sought summary judgment, relying on the provision that "[n]o person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor or salesperson from an owner without a license therefor" (Administrative Code of City of NY § 20-387 [a]). In the order appealed from, Supreme Court denied appellants' motion to dismiss the claims and cross-claims against them, reasoning that it is unclear whether the work defendant P.V.S. was engaged to perform requires that it possess a contractor's license.

Administrative Code of the City of New York § 20-386 (2) defines "home improvement" as "the construction, repair, replacement, remodeling, alteration, conversion, rehabilitation, renovation, modernization, improvement, or addition to any land or building, or that portion thereof which is used or designed to be used as a residence or dwelling place and shall include but not be limited to the construction, erection, replacement, or improvement of driveways, swimming pools, terraces, patios, landscaping, fences, porches, garages, fallout shelters, basements, and other improvements to structures or upon land which is adjacent to a dwelling house". It expressly excludes

from the definition "the construction of a new home or building or work done by a contractor in compliance with a guarantee of completion of a new building project" (*ibid.*).

An unlicensed contractor may neither enforce a home improvement contract against an owner nor seek recovery in quantum meruit (*B & F Bldg. Corp. v Liebig*, 76 NY2d 689; *Matter of East 70th St. Corp. v Argus Constr. Corp.*, 193 AD2d 563; *O'Mara Org. v Plehn*, 179 AD2d 548; *Primo Constr. v Stahl*, 161 AD2d 516; *Papadopulos v Santini*, 159 AD2d 335; *Chosen Constr. Corp. v Syz*, 138 AD2d 284; *Mortise v 55 Liberty Owners Corp.*, 102 AD2d 719, *affd* 63 NY2d 743). As this Court stated in *Matter of Heller (Clark Constr. Corp.)* (178 AD2d 195), "The purpose of the licensing requirement at issue is to 'safeguard and protect the homeowner against abuses and fraudulent practices' (Administrative Code of City of New York § 20-385) * * * The requirement of obtaining such a license is clearly not a ministerial act or mere technicality." Furthermore, a contractor is barred from enforcing a contract if its license is not issued until after the work is completed (*B & F Bldg. Corp. v Liebig, supra*, at 694; *Primo Constr. v Stahl, supra*).

While the renovations contemplated in the contract between P.V.S. and the Paschalls are extensive, the work does not amount to "the construction of a new home" so as to exempt it from the operation of the Administrative Code. The construction of an addition to an existing residence falls within the ambit of the provision (*Chosen Constr. Corp. v Syz, supra* [rooftop extension and greenhouse]) as does the conversion of commercial space into a residential unit (*Mortise v 55 Liberty Owners Corp., supra* [conversion of office building into residential cooperative]). Even if, as P.V.S. asserts, the work requires gutting the two existing units, it still constitutes an alteration, conversion, renovation or improvement. The statutory exemption for "construction of a new home" is limited to the creation of a structure, where none previously existed, that is to be used for residential purposes. Even if a dwelling is stripped to the frame and rebuilt, the work constitutes the renovation of an existing home, not the erection of a new one. Significantly, the subject contract mentions only "Improvements to Condominium Units 19N and 20N", "Apartment Alterations" and "Apartment Renovation", thus acknowledging that work is to be performed on existing dwelling units.

It is clear from correspondence between Blake Electric and P.V.S. that plaintiff was a subcontractor hired by P.V.S. to undertake electrical work in connection with the renovation project. Invoices contained in the record indicate that plaintiff

billed P.V.S. for work as it was performed. P.V.S. is barred by the Administrative Code from seeking payment from defendant owners and, in the absence of any balance due to P.V.S. from the owners, plaintiff is required to look to the contractor that engaged its services for payment (*Falco Constr. Corp. v P & F Trucking*, 158 AD2d 510; *Matter of 101 Park Ave. Assocs. v Trane Co.*, 99 AD2d 428, *affd* 62 NY2d 734; *Contelmo's Sand & Gravel v J & J Milano*, 96 AD2d 1090).

Finally, P.V.S., as an unlicensed contractor, may not pursue a cross-claim for indemnification against the owners. A party may not achieve by indirection that which is directly prohibited. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.