OPINION OF THE COURT
Michael D. Stallman, J.
This special proceeding raises significant issues of standing and joinder. Petitioner moves to vacate the notice of mechanic’s lien filed by Skyline Windows, a Division of S. Krause Inc. (Skyline) on or about January 15, 1999 on the ground that Paramount Construction Service Corp. (Paramount), the general contractor that retained Skyline as a subcontractor, was not a licensed home improvement contractor as required by the Administrative Code of the City of New York.
Petitioner entered into a written contract with Paramount which provided for renovation of a certain portion of a residential cooperative apartment. 1000 Park Avenue Owners Corp., a cooperative corporation, is the owner of the subject building. Petitioner is a shareholder of 1000 Park Avenue Owners Corp. and the proprietary lessee of the subject apartment, where she resides. Paramount subsequently entered into a contract with Skyline to replace windows at the subject apartment. Petitioner fully paid Paramount all monies due and owing for the work Paramount performed pursuant to the contract.
*482 On or about January 15, 1999, Skyline filed a purported notice of mechanic’s lien in the sum of $12,360 against the subject apartment and against 1000 Park Avenue Owners Corp., as owner, and Julie Ratner, as lessee, to secure a claim for labor allegedly performed in connection with the improvements of the real property. The lien describes the labor performed as “general construction.”
Administrative Code § 20-387 (a) states that “[n]o person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor or salesperson from an owner without a license therefor.”
According to the records of the New York City Department of Consumer Affairs, Paramount was not licensed as a home improvement contractor when it performed the aforesaid work at the subject premises. Petitioner contends that, because Paramount was not licensed, Skyline, as Paramount’s subcontractor, may not maintain a mechanic’s lien against the subject apartment, whether or not Skyline was a licensed home improvement contractor.
Respondent Skyline opposes the vacatur of the lien on the grounds that (1) the replacement of the windows was an exterior structural repair to the entire building and not a home improvement, and (2) petitioner lacks standing to maintain this proceeding. -
As petitioner correctly notes, Skyline has offered no evidence to support its claim that Paramount retained it on behalf of the cooperative corporation to perform structural repair work, rather than to renovate petitioner’s apartment. At all relevant times, Paramount was petitioner’s general contractor and did not contract with the cooperative corporation to perform construction work for the building itself. Indeed, Skyline’s proposal to Paramount (exhibit B in Bingham affidavit in opposition) identifies the location of the project as “1000 Park Avenue # 11C.” Respondent Skyline’s proposal described the work as window replacement; “job: Ratner.” (See, exhibit B to Bingham affidavit in opposition.) Moreover, the Administrative Code expressly includes many types of work done on the exterior of a building under the rubric of home improvement. (See, Administrative Code § 20-386 [2].)
Skyline argues that, because its work benefitted the entire cooperative corporation, the window replacement at petitioner’s premises was not a home improvement. Skyline’s argument lacks merit. The Administrative Code expressly includes cooperative shareholders in its definition of “owner”. (See, Administrative Code § 20-386 [4].)
*483 Contrary to respondent’s assertion, petitioner has standing to bring this special proceeding. Petitioner has demonstrated that she is the shareholder and proprietary lessee of the apartment and that it was she, and not the cooperative corporation, who contracted with the general contractor for the work at issue. Respondent Skyline’s notice of mechanic’s lien named petitioner “as [l]essee” in addition to the cooperative corporation “as owner.” According to the undisputed evidence before the court, the cooperative’s rules required that a shareholder take immediate action to satisfy or vacate a mechanic’s lien placed on the property. Moreover, a shareholder’s failure to take appropriate action under the circumstances would subject her to potential litigation by the cooperative corporation or perhaps other shareholders.
Petitioner clearly has a stake in the outcome of this matter: the notice of mechanic’s lien directly affects her rights in her apartment; it impinges on her relationship to the cooperative corporation and her neighbors. Thus, petitioner is aggrieved by the lien — the classic formulation necessary to demonstrate standing. (See, Siegel, NY Prac § 136 [2d ed].)
Further, the cooperative corporation is not a necessary party to this proceeding. Petitioner commenced this proceeding in response to a letter from the corporation’s counsel. This proceeding adequately protects the interests of the cooperative corporation and of all the shareholders, including petitioner. Not only is there no conflict among their legal positions, they all share a common interest in having an improperly filed lien removed from the property. Thus, while the cooperative corporation also has standing to commence this proceeding, it need not have been joined as a petitioner nor was petitioner required to have joined the cooperative corporation as a respondent. (See, CPLR 1003.) Accordingly, while the cooperative corporation would be a proper party, its nonjoinder is not fatal to petitioner’s maintenance of this proceeding.
Respondent has not set forth a defense that avoids application of title 20, chapter 2, subchapter 22 of the Administrative Code. It is undisputed that Paramount was not licensed as a home improvement contractor when it subcontracted with Skyline to perform the work at issue here. Thus, Skyline, as Paramount’s subcontractor, may not maintain a mechanic’s lien against the subject premises. (See, Blake Elec. Contr. Co. v Paschall, 222 AD2d 264.)
Since respondent and Paramount were in privity, respondent could have assured itself that Paramount was properly licensed *484 before choosing to contract with it. Given the uncontroverted evidence that petitioner fully paid Paramount all monies due Paramount for the work Paramount performed, respondent’s proper remedy is to proceed against Paramount.
Accordingly, it is hereby ordered that the notice of mechanic’s lien filed by Skyline Windows, a Division of S. Krause Inc. in the sum of $12,360 on January 15, 1999 against certain real property situated in the City of New York, County of New York, described as 1000 Park Avenue, apartment 11C, New York, New York, being situated in block 1496, lot 34, on the land and tax map of the County of New York, and against 1000 Park Avenue Owners Corp., as owner, and Julie Ratner, as lessee, is hereby vacated and cancelled of record; and it is further ordered that the Clerk of the County of New York is hereby directed to vacate and cancel the notice of mechanic’s lien, and to enter upon the lien docket, or other record of liens, opposite the endorsement of said lien, a statement that it has been vacated and cancelled of record.