OPINION OF THE COURT
Richard F. Braun, J.
Plaintiff has sued both defendants in this action for foreclosure of a mechanic’s lien, and defendant Sabina Brandt Kelley for money damages for breach of contract, unjust enrichment, and quantum meruit. Defendants move to dismiss the complaint, pursuant to CPLR 3211 (a) (1), (3) and (7), for a discharge of the lien, pursuant to CPLR 3211 (a) (1), and sanctions, pursuant to CPLR 3126 and 22 NYCRR 130-1.1 (c).
The complaint in this action pleads that plaintiff is a licensed contractor engaged in the business of, among other things, providing general contracting services and that defendant Kelley resides at 709 Washington Street, New York, New York. She owns shares of defendant 703-711 Washington Street Tenants Corp. and is a proprietary lessee at 707-709 Washington Street. Defendant Tenants Corp. owns the subject building and leases the premises to defendant Kelley.
Oñ or about January 29, 2004, plaintiff and defendant Kelley executed a written contract pursuant to which plaintiff was to perform certain renovations and repairs to the subject premises. Plaintiff did so from about February 3, 2004 through February 10, 2005. Plaintiff provided material, and performed demolition, plumbing, electrical, and carpentry work upon the premises. Plaintiff erroneously states that the agreed price was $384,085.32; that $314,165.58 has been paid; and that a balance is due of $42,919.74 (the arithmetic is wrong). On April 18, 2005, plaintiff filed a notice of mechanic’s lien with the office of the County Clerk of New York County.
Defendants base their motion to dismiss the complaint on plaintiff having performed part of the work on space in which defendant Kelley resides in the subject premises, without plaintiff having been licensed as a home improvement contractor. Those facts are undisputed. January 25, 2004 and January 26, 2004 letters modifying the subject contract both include *309 work on residential premises, e.g., in the bedroom, master bedroom, and living room. The certificate of occupancy for the subject building permits accessory living for employees of the studios on the first floor, which is where the subject premises are located. Plaintiff argues that the bulk of the work was done to create a yoga studio for defendant Kelley, and that only $48,000 of the contract total was for alterations to the portion of the premises where defendant Kelley resides, all of which was paid. Thus, plaintiff contends that the work done was not a home improvement that required plaintiff to be licensed as a home improvement contractor.
Administrative Code of City of NY § 20-386 (2) defines home improvement as “the construction, repair, replacement, remodeling, alteration, conversion, rehabilitation, renovation, modernization, improvement, or addition to any land or building, or that portion thereof which is used or designed to be used as a residence or dwelling place.” Section 20-386 (6) defines a home improvement contract as
“an agreement, whether oral or written, or contained in one or more documents, between a contractor . . . and a tenant, . . . provided said work is to be performed in, to or upon the residence or dwelling unit of such tenant, for the performance of a home improvement and includes all labor, services and materials to be furnished and performed thereunder.” (See Ayres v Dunhill Interiors, 138 AD2d 303, 304 [1st Dept 1988].)
Section 20-387 (a) states: “No person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor . . . from an owner without a license therefor.” An owner for this purpose includes a tenant (Administrative Code § 20-386 [4]). The application for a license to perform home improvement work is made to the Commissioner of the New York City Department of Consumer Affairs, who issues such licenses (Administrative Code § 20-102 [a], [b], [c]; § 20-104 [a]; § 20-390 [1]). Under CPLR 3015 (e), where a plaintiffs cause of action arises from the plaintiff’s conduct of a business which is required to be licensed by the New York City Department of Consumer Affairs or certain specified counties’ departments of consumer affairs, the complaint must allege as part of its cause of action that the plaintiff is duly licensed, and the name and number, if any, of such license, and the governmental agency that issued the license. That statute further provides that, if the plaintiff does not comply with this pleading requirement, a defendant may move for dismissal, pursuant to CPLR 3211 (a) (7).
*310 The above Administrative Code provisions were intended to protect consumers of home improvement services from defective work and fraud by contractors (B&F Bldg. Corp. v Liebig, 76 NY2d 689, 692 [1990]). The licensing requirements for home improvement contractors are to be strictly construed (Chosen Constr. Corp. v Syz, 138 AD2d 284, 286 [1st Dept 1988]).
Plaintiff cannot get around the home improvement licensing and pleading requirements by arguing that the majority of the work that plaintiff did was commercial and by concocting a conclusory accounting contention that the residential portion of the work had already been paid for. The residential work was done by plaintiff under one nonseverable contract which was for both the residential and commercial work. Plaintiffs contention is meritless that the residential work should be separated out, deemed fully paid as part of the total paid (even if there were any proof supporting plaintiffs conclusory claim that it was, which there was not), and thus that plaintiff did not have to be licensed as a home improvement contractor. As part of the work was residential, plaintiffs failure to obtain a home improvement license bars plaintiff from recovering in this action (cf. Mortise v 55 Liberty Owners Corp., 102 AD2d 719, 720 [1st Dept 1984] [where a contractor was converting an office building into dwelling units, the contractor had to be licensed as a home improvement contractor under the predecessor home improvement provisions of the Administrative Code of the City of NY, and because of the lack of a license, the action was dismissed]). Plaintiff only pleaded in a conclusory fashion that it was licensed. Plaintiff did not, and could not because it was not so, plead that it was duly licensed, the name and number of the license, and that the New York City Department of Consumer Affairs had issued such a license.
An unlicensed home improvement contractor cannot recover for breach of contract or quantum meruit (see Blake Elec. Contr. Co. v Paschall, 222 AD2d 264, 266 [1st Dept 1995]). Nor can such a contractor foreclose a mechanic’s lien (Matter of Ashmawy v L.I. Dock & Bulkhead Corp., 251 AD2d 500, 501 [2d Dept 1998]). Thus, plaintiff’s complaint must be dismissed. Defendants base the branch of their motion seeking discharge of the mechanic’s lien on documentary evidence. In the subject contract, plaintiff agreed for the benefit of defendants to waive its right to file a mechanic’s lien against the property for work which might arise out of the contract. However, that waiver is void here as against public policy and unenforceable (Lien Law *311 § 34; see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co., 87 NY2d 148, 156-157 [1995]). Furthermore, CPLR 3211 (a) (1), the statute upon which defendants rely for dismissal of the mechanic’s lien, is addressed to a dismissal of plaintiff s causes of action, not the mechanic’s lien. Thus, that branch of the motion cannot be granted. Defendants may pursue their statutory remedies for discharge of the mechanic’s lien (see Lien Law §§ 19, 20, 37, 59).
Therefore, defendants’ motion has been granted by this court’s separate decision and order, to the extent of dismissing plaintiffs complaint. Defendants have not demonstrated that sanctions should be awarded, including because CPLR 3126 is a disclosure provision and defendants did not demonstrate any disclosure failure by plaintiff in this action. Nor did defendants submit a mandatory affirmation of good faith for the branch of defendants’ motion as to such a failure, as required by 22 NYCRR 202.7 (a) (2) (see Pandolf v American Intl. Group, Inc., 16 AD3d 315, 317 [1st Dept 2005]; Nikpour v City of New York, 179 Misc 2d 928, 930 [Sup Ct, NY County 1999]). Plaintiff has been ordered to pay defendants a total of $100 motion costs, pursuant to CPLR 8106 and 8202. There are administrative and criminal penalties for violation of the home improvement licensing requirements (see Administrative Code §§ 20-392, 20-401). Thus, copies of this court’s opinion are being sent to the appropriate investigatory and enforcement offices: the Manhattan District Attorney’s Office, Commissioner of the New York City Department of Consumer Affairs, and the New York Corporation Counsel.