OPINION OF THE COURT
Dominic R. Massaro, J.
Defendant Vicky Deafeamkpor moves for an order, pursuant to CPLR 4404 (a), alternatively seeking to (1) set plaintiff’s verdict aside, (2) dismiss the underlying complaint, (3) order a new trial, and (4) stay all efforts at collection. She challenges the verdict because plaintiff is neither registered as a corporation by the State nor properly licensed by New York City.
Ms. Deafeamkpor wants the verdict set aside, in essence, because she claims Nemard Construction Corp. lacked the capacity to commence this action inasmuch as it is not a corporate entity. This despite the fact plaintiff held itself out as such. Further, plaintiff is not entitled to maintain the case because it is not licensed under the Administrative Code of the City of New York (see Administrative Code of City of NY § 20-385 et seq. [hereinafter the Code]; see generally Hughes & Hughes Contr. Corp. v Coughlan, 202 AD2d 476 [2d Dept 1994]).
The instant breach of contract resulted in the jury rendering a unanimous verdict in plaintiffs favor. It centered on defendant’s failure to pay for improvements to a residential property located at 907 East 156th Street, Bronx County. Pursuant to the parties’ December 26, 2003 contract, plaintiff furnished labor and materials improving defendant’s home in the value of $162,895. Plaintiff maintained that defendant paid only $41,718, leaving $121,987 unpaid. Of that amount, the jury returned a *322 plaintiffs verdict for $89,400, together with $700 in costs and $636.70 in disbursements. Defendant does not explain why the licensing issue was not raised timely, except to aver that plaintiff did not conform to the requirement of CPLR 3015 (e), which mandates that a plaintiff set forth that it is properly licensed to do business and that the interests of justice require that a defendant be allowed to raise the issue at this time.[1] Further, plaintiff failed to plead its corporate status as required by CPLR 3015 (b).[2]
Plaintiff opposes defendant’s seeking of posttrial relief, holding forth that the jury properly rendered its verdict in finding that Ms. Deafeamkpor improperly discharged plaintiff and failed to fully pay for the renovations performed. Plaintiff argues that the motion to vacate should be denied because defendant failed to raise objection before trial to plaintiffs failure to obtain a city license (see Administrative Code § 20-387) or failure to register as a corporation with the New York Secretary of State, as required (see Business Corporation Law § 104). Likewise, defendant failed to move for summary judgment or to raise any objection during trial. Therefore, plaintiff argues that defendant waived her right to object upon these grounds. Additionally, plaintiff maintains that it showed good faith on the issue because it filed a business certificate with the Bronx County Clerk in 1995 certifying that it was conducting business under the name “Nemard Construction.”[3]
Finally, plaintiff sees no reason for a new trial — even if defendant’s claim that plaintiff was unlicensed is accurate. Plaintiff says defendant cites no error in the trial’s conduct that occurred because of this legal mistake. Plaintiff urges that should the court find that defendant’s arguments concerning its legal status are valid, then the only recourse is to dismiss the action.
*323 In reply, defendant points out the critical fact that plaintiff admits never having been licensed as a home improvement contractor. Therefore, plaintiff is not entitled to any verdict under contract or quantum meruit (see CPLR 3015 [e]). Further, because plaintiff is not a legally incorporated entity, it has no standing to seek compensation; that is, it lacked the legal ability to commence the within action (see Administrative Code §§ 20-385 — 20-387).
Failure to Register with the State
Initially, the court notes that its discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution. Absent indications that substantial justice was not done, a successful litigant is normally entitled to the benefits of a favorable verdict (see Nicastro v Park, 113 AD2d 129 [2d Dept 1985]). The court turns first to defendant’s demand that the verdict must be set aside and the complaint dismissed because plaintiff is not a corporation cognizable under state law. The court denies this branch of defendant’s motion.
One who contracts with or otherwise deals with an entity as a corporation thereby admits that it is a corporation and is estopped to deny the corporate existence in any action arising out of such contract or dealing (see Puma Indus. Consulting, Inc. v Daal Assoc., Inc., 808 F2d 982 [2d Cir 1987]; but see Cary Oil Co., Inc. v MG Ref. & Mktg., Inc., 230 F Supp 2d 439 [SD NY 2002] [Puma distinguished where defendant had no reason to know the plaintiff was not a corporation]). The “corporation by estoppel” doctrine precludes defendant from denying the validity of plaintiffs status in this action (see generally Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d 664 [2006]). This doctrine relies upon the principle that one who recognizes an organization as a corporation in business dealings, as defendant did here, should not be allowed to quibble on matters which are of little or no concern and do not affect substantial rights (see Rubenstein v Mayor, 41 AD3d 826 [2d Dept 2007]). Defendant cannot dispute that she derived a benefit from the agreement with plaintiff and that the services provided were not dependent in any way on the plaintiffs legal status. The court holds, therefore, that defendant is estopped from denying the corporation’s validity. It is noted that defendant claimed no prejudice if the sole proprietorship were to be substituted for the corporation (see generally Tilden Dev. Corp. v Nicaj, 49 AD3d 629 [2d Dept 2008]).
*324 Failure to Obtain a License from the City
The court now considers defendant’s contention concerning plaintiffs failure to obtain a license to operate as a home improvement contractor in New York City. It is here, rather than with the issue of incorporation, that makes for plaintiffs difficulty.
Under the Code, a person or business must have a home improvement contractor license if engaged in construction, repair, or remodeling involving an addition to any land or building used as a residence. This includes, but is not limited to, construction, replacement, or improvement of “driveways, swimming pools, terraces, patios, landscaping, fences, porches, garages, fallout shelters, basements, and other improvements to structures or upon land which is adjacent to a dwelling house” (,see Administrative Code § 20-386 [2]). Since 1983, the CPLR has required pleading the Department of Consumer Affairs license where the plaintiff is suing a consumer upon a claim arising out of the business that requires the license (see B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990]). The business is required to plead and identify the license (see CPLR 3015 [e]; Chosen Constr. Corp. v Syz, 138 AD2d 284 [1st Dept 1988]).
There is no dispute that plaintiff had no home improvement contractor’s license when it conducted the work on defendant’s residence. Likewise, there is no dispute that the services plaintiff performed require such a license. The issue becomes whether defendant waived her right to object when she failed to move for summary judgment or had other opportunities to raise the issue. Thus, after determining the effect of plaintiff not having a home improvement license, the court is faced with deciding whether vacating the jury verdict is barred because the licensing issue was not raised before or during trial.
Public Policy Concerns
Under the Code, an unlicensed contractor may neither enforce a home improvement contract against an owner nor seek recovery in quantum meruit (see Blake Elec. Contr. Co. v Paschall, 222 AD2d 264 [1st Dept 1995]; see also JMT Bros. Realty, LLC v First Realty Bldrs., Inc., 51 AD3d 453 [1st Dept 2008] [arbitration denied]). As set forth in the City Council’s legislative declaration, the purpose of the licensing requirement is to protect homeowners against fraudulent practices through licensing persons engaged in the home improvement, remodeling and repair businesses (see Administrative Code § 20-385). The seriousness and public policy implications of this provision are *325 underscored by the fact that willful noncompliance is a misdemeanor punishable by imprisonment of up to six months and/or a $1,000 fine (see Administrative Code § 20-401 [1] [a]). In addition, the City can seek additional fines and treble damages against any contractor who violates this section (see Administrative Code § 20-401 [2], [3]).
Our courts strictly enforce the home improvement licensing requirements even when the work performed is satisfactory; the general rule is that an agreement to render home improvement services may not be enforced by one who is not licensed, even when the services are fully performed (see generally Primo Constr. v Stahl, 161 AD2d 516 [1st Dept 1990]; Papadopulos v Santini, 159 AD2d 335 [1st Dept 1990]). In B & F Bldg. Corp. v Liebig (76 NY2d 689 [1990]), the Court of Appeals found that the fact that a home improvement contractor is not licensed under the Code when an agreement for work is signed or when work is performed makes the contract unenforceable. Moreover, an unlicensed contractor is precluded, as a matter of public policy, from enforcing a home improvement contract even where the contractor seeks recovery in quantum meruit (see generally JMT Bros. Realty, LLC v First Realty Bldrs., Inc., 51 AD3d 453 [1st Dept 2008]).
In this respect, the Home Improvement Business Law (Administrative Code, tit 20, ch 2, subch 22) is considered a consumer protection statute intended to safeguard and protect consumers against fraudulent practices and inferior work by persons and businesses claiming to be qualified home improvement contractors (see generally Matter of Harmon v Ivy Walk Inc., 48 AD3d 344 [1st Dept 2008]). The Code provides that those who conduct home improvements must be licensed (see Administrative Code § 20-387 [a]). Strict compliance with this licensing requirement is mandatory (see generally Hanjo Contrs. v Wick, 155 AD2d 304 [1st Dept 1989]; see also Al-Sullami v Broskie, 40 AD3d 1021 [2d Dept 2007]). Even the fact that a homeowner may be aware of the absence of a license, or even that the homeowner planned to take advantage of its absence, creates no exception to the statutory requirement (see generally Hughes & Hughes Contr. Corp. v Coughlan, supra). Therefore, the court concludes that under the circumstances of this case, in the event defendant is determined to be entitled to raise the licensing issue postverdict, public policy bars enforcement of the contract.
*326 Waiver Postverdict
The court now focuses upon plaintiffs claim that defendant waived her licensing arguments by waiting until after the verdict to raise the issue. As stated, the lack of a license was never raised before or at trial. Therefore, plaintiff maintains that the court should reject the belated proffer of the licensing evidence.
As guidance on this issue, the court looks to the Court of Appeals decision in Matter of Niagara Wheatfield Adm’rs Assn. (Niagara Wheatfield Cent. School Dist.) (44 NY2d 68 [1978]). There, the High Court sanctioned the raising of a public policy issue for the first time on appeal in a case involving labor arbitration. By contrast, in this nonarbitration case, the court finds that the public policy behind the home improvement licensing provisions is of such magnitude that it must permit defendant to raise the issue even after verdict.[4]
Based upon the foregoing, the court finds that the branch of defendant’s motion seeking to set plaintiffs verdict aside, vacating the judgment and entering judgment in defendant’s favor, must be granted. Defendant is entitled to judgment as a matter of law. The underlying complaint is dismissed. The public policy announced by the City Council in enacting the licensing provisions outweighs any consideration that defendant may have waived her rights in this matter (see Administrative Code § 20-385; see also Mortise v 55 Liberty Owners Corp., 102 AD2d 719 [1st Dept 1984]).
The court views these licensing requirements as mandatory; they cannot be overturned absent specific legislative intent. This case does not involve a situation where plaintiff subsequently obtained a license (see generally Todisco v Econopouly, 155 AD2d 441 [2d Dept 1989]; Matter of Klineman [NJS Inc.], 160 Misc 2d 774 [Sup Ct, NY County 1993]). Nor do the within facts provide equitable or other grounds for ignoring public policy concerns (see generally JMT Bros. Realty, LLC v First Realty Bldrs., Inc., supra; Blake Elec. Contr. Co. v Paschall, supra). Likewise, a party may not benefit by indirection that which is directly denied to it (see generally Broadwall Am., Inc. v Bram Will-El LLC, 32 AD3d 748 [1st Dept 2006]).
*327 In light of the foregoing, no purpose would be served by requiring a new trial in the matter at hand. Consistent with this conclusion, the branch of defendant’s motion continuing to stay the original judgment’s entry is granted. That judgment is vacated.[5]
Based upon the foregoing, it is ordered that the branch of the defendant’s motion, pursuant to CPLR 4404 (a), seeking to set the verdict aside, vacate the original judgment and grant defendant judgment as a matter of law, is granted; and it is ordered that the branch of defendant’s motion seeking to dismiss the complaint is granted; and it is ordered that the branch of the defendant’s motion, pursuant to CPLR 4404 (a), seeking to order a new trial is denied as moot; and it is further ordered that the branch of the defendant’s motion seeking to continue to stay the judgment’s entry is granted.

. CPLR 3015 (e) requires that where a plaintiffs cause of action against a consumer arises from plaintiffs conduct of a business required to be licensed by the New York City Department of Consumer Affairs, the complaint must allege, as part of the cause of action, that plaintiff is duly licensed and it must contain the name and number of such license and the governmental agency which issued the license. Plaintiff failed to comply with this requirement.

. CPLR 3015 (b) states that “[wjhere any party is a corporation, the complaint shall so state and, where known, it shall specify the state, country or government by or under whose laws the party was created.”

. The business certificate actually states that one Sutcliffe Banton was conducting business as “Nemard Construction,” not that he was conducting business as a corporation.

. In Matter of Hirsch Constr. Corp. (Cooper) (181 AD2d 52 [1st Dept 1992]), the Appellate Division balanced the public policy against recovery by unlicensed home improvement contractors with the public policy of not vacating an arbitration award on public policy grounds. The Court found the arbitration policy controlling.

. In view of the finding that there is “corporation by estoppel,” the court sees no validity to plaintiffs argument that the appropriate remedy is that the complaint should be dismissed for lack of jurisdiction, which might allow plaintiff to renew its action.