## Breitling v Boneau Design, Inc.

2024 NY Slip Op 30381(U)

February 1, 2024

Supreme Court, New York County

Docket Number: Index No. 652861/2023

Judge: Gerald Lebovits

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. GERALD LEBOVITS**                     PART                07

*Justice*

-------------------------------------------------------------------------------X

BERTHOLD BREITLING,

|  |  |  |
|---|---|---|
| INDEX NO. | 652861/2023 |

Plaintiff,

| MOTION DATE | 11/03/2023 |
|---|---|

- v -

| MOTION SEQ. NO. | 002 |
|---|---|

BONEAU DESIGN, INC., BARRY BONEAU, and BADALY
ENGINEERING, PLLC,

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 39

were read on this motion for                         DISMISSAL                         .

*Law Offices of Charles A. Singer*, Great Neck, NY (Charles A. Singer and Lawrence I. Singer of counsel), for plaintiff.
*Law Offices of Jeffrey Chabrowe*, New York, NY (Jeffrey Chabrowe of counsel), for defendants Barry Boneau and Boneau Design, Inc.

Gerald Lebovits, J.:

Plaintiff, Berthold Breitling, hired defendants, Barry Boneau, Boneau Design, Inc., and Badaly Engineering, PLLC, to complete some repairs, renovations, and remodeling work on his newly purchased single-family home. The parties entered into an agreement prior to the closing of the sale of the property, under which plaintiff paid defendant $92,500.00 in anticipation of the work that would be completed after the closing.

After some preliminary services were conducted by defendants, including providing initial consulting on the restoration, Breitling terminated the parties' business relationship in March 2023. He then requested an itemized statement of fees from the defendants, as well as the return of any unused funds. When defendants did not reply, Breitling brought this action.

Breitling has asserted claims in breach of contract, conversion, and breach of Lien Law article 3-A. The Boneau defendants have counterclaimed for breach of contract, unjust enrichment, and tortious interference with business relations. Breitling now moves to dismiss those counterclaims. The motion is granted.

[* 1]

## DISCUSSION

Breitling argues that the Boneau defendants' counterclaims must be dismissed because they failed to allege or plead, as required by CPLR 3015 and GBL § 771, that they are licensed home improvement contractors, precluding them from filing any counterclaims. This court agrees.

GBL § 771 requires that "home improvement contracts" (as defined by the statute) ne in writing; and that the writing have various enumerated pieces of information, such as the name, contact information, and license information of the contractor; estimated commencement and completion dates; and a schedule for any progress payments that the contract provides for. CPLR 3015 (e) provides that if a cause of action against a consumer arises from the conduct of a business that is required to be licensed by state or local law, the complaint must allege that plaintiff was duly licensed; and it must include the name, number, and issuing agency of the license.

The purpose of the licensing requirement is to "safeguard and protect the homeowner from abuses and fraudulent practices." (New York City Administrative Code § 20-285.) Where a contract does not comply with these pleading requirements, a contractor may not enforce the agreement. (*Home Const. Corp. v Beaury*, 149 AD3d 699, 701 [2d Dept 2017].) And an unlicensed contractor is precluded as a matter of public policy from seeking recovery in quantum meruit, either. (*Blake Elec. Contracting Co. v Paschall*, 222 AD2d 264, 266 [1st Dept 1995].)

Here, the communications between the parties, as well the defendants' website and the contract itself, all indicate that the defendants agreed to provide home improvement services. Administrative Code § 20-386 defines "home improvement" by a range of terms and services, which include replacement, habitation, and renovation of any land or building. Defendants' website features the following advertisement, invoking the defining terms: "Custom Homes: Renovation, Additions, New Construction." Additionally, the contract between the parties describes the project as seeking to "rehabilitate and renovate the single family detached dwelling throughout," similarly indicating an agreement to provide services recognized as home improvement.

Defendants argue that they did not agree to offer home-improvement services, and therefore that the contract is not subject to CPLR 3015 and GBL § 771. Administrative Code § 20-386 provides exceptions to home improvement in cases where the agreed upon project provides for the completion of a new building project, or cases where a contract provides for purely decorative work that is not incidental to home improvement work. But neither exception aids defendants.

Defendants do not argue that they were undertaking a new building project. Regardless, only the most extreme cases fit this exception. Even "if work requires gutting existing units, it still constitutes an alteration, conversation, renovation or improvement." (*Blake Electric Contracting*, 222 AD2d at 266.) The record reflects that the more limited work undertaken by defendants does not come within the new-building-project exception.

2

[* 2]

Defendants rely instead on the decorative-design distinction. They argue that they were hired for professional services rather than completing actual physical work. To support this argument, they reference contract provisions providing that defendant would "verify existing site conditions, prepare design studies, prepare applications, prepare applications to be filed with local authorities, and appear before land use boards if needed." Crucially, courts have described decorative design as painting, installation of appliances, the arrangement of furniture and decorative objects. (*Power Cooling, INC. v Wassong*, 5 Misc 3d 22, 24 [App Term, 1st Dept 2004].) To this end, prior cases addressed questions such as whether a contract for painting and additional carpeting work crossed over into the realm of home improvement. (*Coggeshall Painting & Restoration Co. v Zetlin*, 282 AD2d 364, 365 [1st Dept 2001]. This is far different from this case, in which defendants completed design studies in anticipation of guiding a renovation that squarely falls within the category of home improvement. Defendant does not cite, and this court's research has not found, any case holding that a contract containing language promising services found within Administrative Code § 20-386 is not a contract for home-improvement services.

Finally, defendants read a physical-work requirement into the statute, arguing that they agreed to provide professional services while another contractor was responsible for the actual physical-work portion, placing their services outside the scope of "home improvement." But the contract clearly designates defendants as "Construction Manager." Even if the court were to take seriously defendants' argument that the bulk of the physical work would be taken on by another contractor, the licensing requirement would still apply to them. The role of coordinating, monitoring and/or supervising a renovation project has been held to be work requiring a home improvement license, because these management services are being provided in connection with a home improvement project. (*See JMT Bros. Realty, LLC v First Realty Bldrs., Inc.*, 51 AD3d 453, 454 [1st Dept 2008].

Defendants also suggest that even if it applies, GBL § 771 does not bar their counterclaims as a matter of law. They claim that because the details of the written contract among the parties included substantially all of the provisions that GBL § 771 requires, this court should hold the contract to have satisfied the statute. This argument is unpersuasive. The issue here is not whether the parties' contract included the information that the statute requires, such as the contractor's license number, but whether defendants were licensed contractors at all. The absence of a license is not the kind of technical defect that a court may disregard. To the contrary, doing so would be in direct tension with the licensing statute's stated goal— to "safeguard and protect the homeowner from abuses and fraudulent practices." (Administrative Code § 20-285.) Defendants do not provide a case holding that a contract between a consumer and an unlicensed contractor can nonetheless satisfy GBL § 771. Nor has this court's research found any.

Finally, the defendants' tortious interference counterclaim must also be dismissed. The CPLR 3015 bar on claims by unlicensed contractors applies broadly to all claims arising out of the conduct of home improvement. (*See J.M. Bldrs &. Assoc., Inc. v Linder*, 67 AD3d 738, 741 [2d Dept 2009].)

Accordingly, it is

3

ORDERED that plaintiff's motion to dismiss the Boneau defendants' counterclaims is granted, and the counterclaims are dismissed, with costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that plaintiff's claims are severed and shall continue; and it is further

ORDERED that plaintiff shall serve notice of entry on all parties and on the office of the County Clerk (by the means set forth in the court's e-filing protocol (available on the e-filing page of the court's website, https://ww2.nycourts.gov/ courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.

| | | |
|---|---|---|
| **2/1/2024** | | HON. GERALD LEBOVITS |
| **DATE** | | J.S.C. |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☒ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

4

[* 4]