(March 29, 1988)

■ ANTIONETTE AYRES, Respondent, v DUNHILL INTERIORS, LTD., Appellant.—Order of the Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered September 8, 1987, which granted plaintiff Ayres' motion to dismiss the arbitration proceeding commenced by defendant, is unanimously reversed, on the law, without costs, and the matter remanded for a hearing consistent herewith to determine plaintiff's residence.

Defendant Dunhill Interiors, Ltd., is engaged in the business of home improvements. On June 24, 1986, plaintiff Ayres and defendant entered into a contract to renovate an apartment at 5 East 9th Street in Manhattan, at a cost of $501,430. The apartment was 1 of 4 that plaintiff owned in this seven-unit cooperative apartment building. It is undisputed that at the time of the contract defendant was not licensed with the City of New York to perform or obtain home improvement contracts.

Maintaining that Dunhill's reconstruction work was slipshod and that she was being billed for services not performed, Ms. Ayres refused to make further payments to Dunhill and ordered the contractor off the site. She contends that it will cost her more than $133,000 to correct Dunhill's alleged shoddy workmanship. Upon learning that defendant was not licensed by the City of New York to obtain and perform home

improvement contracts, plaintiff notified Dunhill's counsel that she considered the contract void and unenforceable. Pursuant to the contract's arbitration clause, Dunhill filed a notice of arbitration dated June 23, 1987, seeking to recover $85,856, plus interest as of February 25, 1987, for services performed and goods provided and $7,300 for lost profits resulting from Ms. Ayres' alleged improper termination of the agreement. Plaintiff responded by moving pursuant to CPLR 7503, by order to show cause in the Supreme Court, New York County, to stay the arbitration and dismiss defendant's claims on the ground that the contract entered into between the parties was unenforceable for lack of the license required by section 20-387 (a) of the Administrative Code of the City of New York.

By decision dated August 19, 1987, the court granted plaintiff's motion and on September 3, 1987, issued an order barring defendant's claims and dismissing the arbitration proceeding. In its written decision the court found that the contract was one for home improvement as defined by Administrative Code § 20-386 (2) and that plaintiff was a person intended to be protected by the statute, because she was a tenant residing in the apartment being renovated. It is on this latter point that we conclude a remand is required.

Section 20-387 (a) of the Administrative Code of the City of New York states that "No person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor or salesperson from an owner without a license therefor." As relevant herein, the code defines home improvement as including the renovation of any building or portion thereof used as a residence or dwelling place. (Administrative Code § 20-386 [2].) Among the persons protected by the license requirement are any tenants who enter into a contract with a contractor for home improvement of their residence or dwelling unit, regardless of the number of units in the building. (Administrative Code § 20-386 [6].)

The motion court accepted plaintiff's contention that she was the tenant of the apartment being renovated without a sufficient evidentiary basis having been made out. Plaintiff merely submitted an affidavit stating she had commenced full-time residence in the subject apartment in June of 1985 and had moved into temporary quarters at 7 East 9th Street in January of 1986, only because the construction work made it impossible to continue residing at the subject apartment. She states that she moved back into the apartment at 5 East 9th Street in January of 1987.

Defendant, who has submitted proof that plaintiff also owns three other apartments at 5 East 9th Street, claims that plaintiff was not residing in the subject apartment and that her residence is at 7 East 9th Street. Defendant submitted an affidavit stating that contract negotiations always took place at plaintiff's "fully-furnished apartment" at 7 East 9th Street and attached as an exhibit a copy of the 1986-1987 Nynex Manhattan telephone directory showing plaintiff's residence as 7 East 9th Street. The evidence submitted was insufficient to resolve the important question of plaintiff's actual residence. Should the apartment not be plaintiff's residence, the contract between the parties would be enforceable despite defendant's lack of license, because no license is required for a building with more than four units and where the work is not for a tenant's residence. (Administrative Code § 20-386 [3], [4], [6].) Accordingly, given the importance of this issue and the inconclusive nature of the evidence, we reverse the order appealed from and remand for a factual determination regarding plaintiff's residence. Concur—Murphy, P. J., Ross, Carro, Kassal and Ellerin, JJ.