*50 OPINION OF THE COURT
Per Curiam.
Order entered October 4, 1991 reversed, with $10 costs, motion denied and complaint reinstated.
The facts are few and simple. Defendant Clark Construction Corp. was hired by one Heller — who is not a party to the litigation — to do substantial renovation work at Heller’s residential apartment in premises located at 770 Park Avenue, Manhattan. Defendant in turn contracted with plaintiff Jack A. Corcoran Marble Co., Inc. to fabricate and install marble floors and walls in the apartment for an agreed price exceeding $39,000. Defendant paid $20,000 to plaintiff on account as the work progressed, but refused to make further payments. In the ensuing breach of contract action, defendant moved to dismiss the complaint (CPLR 3211 [a] [3], [7]) based upon plaintiff’s failure to obtain a home improvement license pursuant to the relevant provisions of the Administrative Code of the City of New York (§ 20-385 et seq.). Civil Court granted defendant’s dismissal motion, and plaintiff now appeals. Since we conclude that defendant is not among those persons intended to be protected by the code license requirements, we reverse the order appealed from and reinstate the complaint.
Administrative Code § 20-387 (a) states that "No person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor or salesperson from an owner without a license therefor.” The Code defines an "owner” as "any homeowner, condominium unit owner, tenant, or any other person who orders, contracts for or purchases the home improvement services of a contractor or the person entitled to the performance of the work of a contractor pursuant to a home improvement contract.” (Administrative Code § 20-386 [4].) The use of the phrase "any other person” in section 20-386 (4) follows words of specific import, namely, "homeowner, condominium unit owner, tenant”, making application of the rule of ejusdem generis appropriate. This rule of statutory construction requires the court to limit general language of a statute or ordinance by specific phrases which precede it (McKinney’s Cons Laws of NY, Book 1, Statutes § 239, at 407-411). As the specific words appearing in subdivision (4) refer to persons who possess a proprietary or rental interest in the affected residential premises, it is proper to so limit its meaning and exclude from the protective scope of the ordinance an entity such as the defendant which itself was hired as a *51 contractor to perform a home improvement.* Nor can it be said that the contractual agreement sought to be enforced by plaintiff here constitutes a home improvement contract, a term which the Code defines as "an agreement * * * between a contractor and an owner, or contractor and a tenant, regardless of the number of residences or dwelling units contained in the building in which the tenant resides, provided said work is to be performed in, to or upon the residence or dwelling unit of such tenant, for the performance of a home improvement” (Administrative Code § 20-386 [6]). It is clear from the definitional language employed that the person seeking to invoke the license requirements of the ordinance must actually reside in the dwelling unit in which the work is to be performed (see, Ayres v Dunhill Interiors, 138 AD2d 303), and that an agreement between two (nonresident) contractors is not among the species of contracts whose enforcement the ordinance is designed to proscribe (see, Parker v Vista Constr. Concepts, 134 Misc 2d 1). Zimmett v Professional Acoustics (103 Misc 2d 971), relied upon by defendant, does not compel a contrary result, involving as it did a dispute between a subcontractor and an owner/tenant found to be protected by the Code license requirements.
Parness, J. P., Miller and McCooe, JJ, concur.

 Although not central to our determination in this case we do note that defendant does not deny that it too was unlicensed to perform or obtain a home improvement contract, a failing which apparently has frustrated its efforts to enforce its contractual agreement with the tenant, Heller.