■ MATILDA CONSTRUCTION INC., Appellant, v 420 EAST 72ND STREET TENANTS CORPORATION, Defendant, and ASHLEY JOFFE

et al., Respondents. [687 NYS2d 120] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 14, 1998, which, in an action to recover on a home improvement contract and to enforce a mechanic's lien, *inter alia*, granted defendant cooperative shareholders' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

The action was properly dismissed because the complaint seeks to recover on a home improvement contract but does not allege that plaintiff possessed the required license (Administrative Code of City of NY § 20-387 [a]; CPLR 3015 [e]; *see, Primo Constr. v Stahl*, 161 AD2d 516). We reject plaintiff's argument that such licensing requirement does not apply to home improvement contracts such as this entered into by cooperative shareholders in buildings containing more than four residences. Reading subdivisions (3) and (6) of Administrative Code § 20-386 in conjunction with subdivision (4), by which the definition of an owner was extended to include cooperative shareholders, it is clear that cooperative shareholders who reside in their apartments are entitled to the same protection under the statute as tenants. Nor can plaintiff recover the unpaid balance from the cooperative corporation, "with whom it has no contractual, or other, relationship" (*Matter of East 70th St. Corp. v Argus Constr. Corp.*, 193 AD2d 563, 564). Concur—Ellerin, P. J., Sullivan, Williams and Tom, JJ.