■ In the Matter of Eugeniusz Kuchar, Doing Business as G.M. Home Construction, Respondent, v Ralph Baker, Appellant. [689 NYS2d 213] —In a proceeding pursuant to CPLR article 75, *inter alia,* to confirm an arbitration award, Ralph Baker appeals from an order of the Supreme Court, Kings County (Belen, J.), dated April 2, 1998, which granted the petition and denied his cross motion to vacate the award.

Ordered that the order is affirmed, with costs.

On December 15, 1995, Eugeniusz Kuchar d/b/a G.M. Home Construction (hereinafter Kuchar), a contractor, and the appellant entered into an agreement for the rehabilitation of a build-

ing in Brooklyn. On February 13, 1996, the appellant obtained a deed to the subject premises, and Kuchar began the rehabilitation work in March 1996. The parties had differences over the nature and progress of the work, and the appellant terminated payments to Kuchar. The appellant filed a demand for arbitration of the dispute pursuant to a provision of the contract, and by order dated July 10, 1996, the Supreme Court denied Kuchar's motion to stay arbitration. By award dated March 15, 1997, the arbitrator awarded $46,754 to Kuchar. Kuchar commenced the instant proceeding to confirm the award, and the appellant moved to vacate it.

The appellant contends that the arbitration award should be vacated because it violates a strong public policy of this State, as Kuchar was not licensed as a home improvement contractor at the time he entered into the agreement and performed the work. However, an arbitration award will not be vacated on public policy grounds where there is nothing on its face to indicate a violation of the public policy against recovery by unlicensed home improvement contractors (see, Matter of Hirsch Constr. Corp. [Cooper], 181 AD2d 52, 56; Matter of Hirsch Constr. Corp. [Anderson], 180 AD2d 604). The award here does not contain findings by the arbitrator on the issue of Kuchar's licensing status, and whether that had any effect on the Kuchar's claims.

In any event, we note that even if Kuchar did not have a license at the time the parties entered into the contract or at the time the work was performed, he would not necessarily have been barred from recovery in this case, since he alleged that the appellant was neither an owner of the premises at the time the agreement was entered into (see, Administrative Code of City of NY § 20-387 [a]) nor a resident of the premises at the time that the work was performed (see, CPLR 3015 [e]; Matter of Migdal Plumbing [Dakar Developers], 232 AD2d 62, 65; Ayres v Dunhill Interiors, 138 AD2d 303).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.