OPINION OF THE COURT
David A. Gross, J.
In this case the District Court of the County of Nassau is asked to determine the limitations at the heart of the home improvement business provisions of the Administrative Code of *488 the City of New York. This decision is intended to clearly define the statutory limits of those who may avail themselves of this statute and who may not.
The plaintiff in this case provided extensive home improvements to the defendant’s two-family house located in the City of New York and seeks payment therefor. The defendant brings this instant-motion for summary judgment on the grounds that the plaintiff’s claim is based on a “Home Improvement Contract” as defined by the Administrative Code; the plaintiff was not licensed as a home improvement contractor thereunder, and section 20-387 of the Administrative Code provides that, “[n]o person shall * * * perform or obtain a home improvement contract as a contractor or salesperson * * * without a license.”
Plaintiff admits that at the time he entered into the contract he was not so licensed but defends against the motion by claiming that this was not a “Home Improvement Contract” as defined by the Administrative Code because the defendant is not an “owner” within the meaning of the Administrative Code. The plaintiff argues that the Administrative Code was enacted to protect only resident owners and similarly situated consumers and must be construed narrowly. The defendant urges a broader construction of the statute to include those who never resided in the home, never intended to reside in the home, but, rather, those who purchase a home with the intention of refurbishing it and selling it for a profit such as himself.
Section 20-386 (6) of the Administrative Code defines the term “Home Improvement Contract,” in pertinent part, as follows: “[A]n agreement * * * between a contractor and an owner, or contractor and a tenant, regardless of the number of residences or dwelling units contained in the building in which the tenant resides, provided said work is to be performed in, to or upon the residence or dwelling unit of such tenant, for the performance of a home improvement” (emphasis added). Section 20-386 (4) of the Administrative Code defines such an “Owner” as follows: “ ‘Owner’ means any homeowner, cooperative shareholder, condominium unit owner, tenant, or any other person who orders, contracts for or purchases the home improvement services of a contractor * * * pursuant to a home improvement contract” (emphasis added).
In support of his argument that the defendant is not an “owner” within the meaning of the Administrative Code, plaintiff cites Corcoran Marble Co. v Clark Constr. Corp. (155 Misc 2d 49 [App Term, 1st Dept 1993]), Ayres v Dunhill *489 Interiors (138 AD2d 303 [1st Dept 1988]), Matter of Migdal Plumbing & Heating Corp. (Dakar Developers) (232 AD2d 62 [1st Dept 1997]) and Matter of Kuchar v Baker (261 AD2d 402 [2d Dept 1999]).
In Corcoran (supra) a subcontractor sued a contractor for payment under a residential renovation contract. The contractor raised the same defense as the defendant at bar has raised, i.e., the subcontractor did not have a home improvement license and was therefore not entitled to payment under a home improvement contract. The Appellate Term, First Department, held that the defendant contractor was not a member of the class of individuals that was intended to be protected by the Administrative Code, namely “owners.” Noting the arguably broad statutory definition of that term the court explained: “The use of the phrase ‘any other person’ in section 20-386 (4) follows words of specific import, namely, ‘homeowner, condominium unit owner, tenant’, making application of the rule of ejusdem generis appropriate. This rule of statutory construction requires the court to limit general language of a statute or ordinance by specific phrases which precede it (McKinney’s Cons Laws of NY, Book 1, Statutes § 239, at 407-411).” (Corcoran Marble Co. v Clark Constr. Corp., 155 Misc 2d 49, 50, supra.) The court then went on to state, “It is clear from the definitional language employed that the person seeking to invoke the license requirements of the ordinance must actually reside in the dwelling unit in which the work is to be performed” (Corcoran Marble Co. v Clark Constr. Corp., supra, at 51).
In Ayres {supra) the unlicensed contractor contended that the plaintiff lived in a different apartment from the one it had worked on and, thus, the plaintiff could not invoke the licensing requirement to defeat the unlicensed contractor’s defense. The plaintiff submitted an affidavit stating that she had commenced full-time residence in the subject apartment one year prior to the execution of the contract and had moved into temporary quarters nearby only because the construction work made it impossible to continue residing at the subject apartment. The Supreme Court, Appellate Division, First Department, remanded the case to determine whether the plaintiff was an “owner” within the meaning of the Administrative Code stating, “Should the apartment not be plaintiff’s residence, the contract * * * would be enforceable despite the defendant’s lack of license, because no license is required * * * where the work is not for a tenant’s residence.” (Ayres v Dunhill Interiors, 138 AD2d 303, 305, supra.)
*490 The Court in Migdal (supra), in deciding a dispute between a general contractor and a plumber, distinguished between the licensing requirements for plumbers and those governing home improvement contractors. “The latter constitute a consumer-oriented policy specifically enacted to protect tenants and home owners against abuses and fraudulent practices by home improvement contractors.” (Matter of Migdal Plumbing & Heating Corp. [Dakar Developers], 232 AD2d 62, 65, supra.)
Finally, and most recently, in confirming an arbitration award in favor of a home improvement contractor, the Court in Kuchar stated, albeit in dicta, “we note that even if [the home improvement contractor] did not have a license at the time the parties entered into the contract or at the time the work was performed, he would not necessarily have been barred from recovery in this case, since he alleged that the appellant was neither an owner of the premises at the time the agreement was entered into * * * nor a resident of the premises at the time the work was performed.” (Matter of Kuchar v Baker, 261 AD2d 402, 403, supra.)
Through review of these cases, this court is led to one clear conclusion. The home improvement business provisions of the Administrative Code were enacted to safeguard and protect consumers against fraudulent practices and inferior work by those who would hold themselves out as home improvement contractors. (See, B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990].) It was clearly not intended to extend such protection to “all other persons” as a literal but out-of-context reading of the statute might imply.
Recognizing then that there are limitations on the spectrum of individuals who may avail themselves of the shield that this statute provides yet mindful that this paternalistic statute may also be used as a sword against unlicenced but otherwise competent contractors, this court draws the following bright lines so that all may know to whom this statute applies. The term “owners” as defined in this statute applies to individuals who reside in the subject premises and those who intend to reside in the subject premises after the home improvements are completed. It does not apply to speculators and real estate investors who have no intention of residing in the subject premises. These latter classes of individuals are business people who have other remedies available to them and who may not rely on consumer-type statutes for protection.
Based upon the above, defendant’s motion is denied.