Suarez, P.J.
(dissenting in part). The issue on this appeal is
whether plaintiff, which concededly did not have a home improvement license when it did the subject work, performed a “home improvement” as defined in Administrative Code of the City of New York § 20-386 (2) when it installed four through- *25 the-wall air-conditioning units in Wassong’s residential apartment. The installation required disconnecting and removing radiators in four separate rooms, capping existing pipes and installing new pipes, as well as cutting through several interior walls and the exterior stone masonry. This is established by documents submitted by plaintiff as exhibits with the opposition to the motion and is undisputed. I find as a matter of law that this work constituted “home improvement,” requiring plaintiff to plead and prove that it possessed a license at the time it performed such work. (See, B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990].)
The ordinance reads as follows:
“ ‘Home improvement’ means the construction, repair, replacement, remodeling, alteration, conversion, rehabilitation, renovation, modernization, improvement, or addition to any land or building, or that portion thereof which is used or designed to be used as a residence or dwelling place and shall include but not be limited to the construction, erection, replacement, or improvement of driveways, swimming pools, terraces, patios, landscaping, fences, porches, garages, fallout shelters, basements, and other improvements to structures or upon land which is adjacent to a dwelling house. ‘Home improvement’ shall not include (i) the construction of a new home or building or work done by a contractor in compliance with a guarantee of completion of a new building project, (ii) the sale of goods or materials by a seller who neither arranges to perform nor performs directly or indirectly any work or labor in connection with the installation of or application of the goods or materials, (iii) residences owned by or controlled by the state or any municipal subdivision thereof, or (iv) painting or decorating of a building, residence, home or apartment, when not incidental or related to home improvement work as herein defined. Without regard to the extent of affixation, ‘home improvement’ shall also include the installation of central heating or air conditioning systems, central vacuum cleaning systems, storm windows, awnings or communication systems.” (Administrative Code § 20-386 [2].)
I disagree with the contention of the majority that “[t]he installation of a noncentral air-conditioner is not covered by the *26 ordinance.” (Majority op at 24.) The specific exclusions cited in the ordinance are clearly not applicable to this matter. The ordinance states affirmatively that central heating or air-conditioning systems, etc., constitute “home improvement” “without regard to the extent of affixation.” (Emphasis supplied.) The majority has incongruously determined that language which clearly evinces an intent to expand the coverage of the ordinance may actually limit such coverage. It is inappropriate to imply a limitation in a statute or ordinance, thereby giving it a meaning not found in its clear language (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 94). Had the New York City Council intended to exclude the installation of individual room air-conditioners, it presumably would have done so in clear and explicit terms in the second sentence of the ordinance, which lists specific work that does not constitute a “home improvement” (compare, Conn Gen Stat Ann § 20-419 [expressly excluding from the definition of home improvement “the sale of appliances, such as . . . room air conditioners and others which are designed for and are easily removable from the premises without material alteration thereof’]). I find that the mere failure to mention through-the-wall air-conditioning units in Administrative Code § 20-386 (2) does not remove the extensive work performed in this case from the ambit of the ordinance. The work herein clearly exceeded the mere “installation of appliances.” (Cf., Raywood Assoc. v Seibel, 172 AD2d 154 [1st Dept 1991], relied upon by the majority.)
Nor do I find Coggeshall Painting & Restoration Co. v Zetlin (NYLJ, May 25, 1999, at 26, col 1 [App Term, 1st Dept], affd 282 AD2d 364, 365 [1st Dept 2001]) instructive, as does the majority herein. The findings of fact in Coggeshall, as affirmed by the Appellate Division, establish “that the limited carpentry work undertaken by plaintiff was decorative in nature and incidental to the extensive preparation, painting and refinishing work performed by plaintiff on defendant’s duplex apartment.” (Id. at 364-365; emphasis supplied.) The majority concedes that the work performed here was necessary to complete the installation of the heating and air-conditioning units. (Majority op at 23.) The finding that the work was necessary, and not merely incidental, militates in favor of application of the ordinance, not against it.
Plaintiffs noncompliance with the licensing ordinance does not, however, preclude it from seeking recovery on the agreement from Techne & Associates, Inc., which apparently served *27 as the general contractor for the renovation work (see, Matter of Kuchar v Baker, 261 AD2d 402 [2d Dept 1999]; Corcoran Marble Co. v Clark Constr. Corp., 155 Misc 2d 49 [App Term, 1st Dept 1993]). The argument that there was no privity of contract between defendant Techne & Associates, Inc. and the plaintiff, raised for the first time in Techne’s reply papers on the motion for summary judgment, is not properly considered on appeal (see, Meade v Rock-McGraw, Inc., 307 AD2d 156, 159 [1st Dept 2003]). The record raises factual issues as to the nature of the relationship between Techne and the plaintiff and as to whether Techne engaged plaintiffs services, which provides further bases for denial of Techne’s motion for summary judgment.
I respectfully dissent, in part. While I agree with the majority that Civil Court properly determined that summary judgment should be denied with respect to defendant Techne & Associates, Inc., I would modify the order appealed from to the extent of granting summary judgment in favor of defendant Linda Wassong.
The order appealed from should be modified to grant defendant Linda Wassong’s motion for summary judgment and otherwise affirmed.
McCooe and Gangel-Jacob, JJ., concur; Suarez, EJ., dissents in part in a separate memorandum.