OPINION OF THE COURT
Jeffrey K. Oing, J.
Defendant, Phillip R. Mills, moves, pursuant to CPLR 3212, for an order granting summary judgment dismissing the complaint.
Plaintiff, Design Supply Marble and Granite, Inc., doing business as Stone Source, cross-moves, pursuant to CPLR 3126, for an order dismissing the counterclaims for defendant’s failure to respond to plaintiffs notice for discovery and inspection, and failure to appear for an examination before trial. In the alternative, plaintiff seeks an order precluding defendant from offering evidence regarding the items contained in the discovery demands absent compliance with outstanding discovery demands.
Background
Plaintiff commenced this action to recover “for work, labor, services, and materials furnished at [defendant’s] instance and request at 616 Amenia Road, Amenia, New York during the period from October 3, 2006 through June 21, 2007” (moving papers, exhibit 15). Plaintiff claims that the parties agreed on the price of $27,123.07 (id.). Defendant paid $10,213.39, leaving a balance of $16,909.68 (id.).
Defendant claims he contracted with plaintiff to supply and install countertops, backsplashes and a shelf in the kitchen of his weekend residence as well as white onyx panels with plexiglás reinforcing in the ceiling of the expanded entry, a tub deck, shower thresholds and shower faceplates in one of the bathrooms (Mills affidavit, Aug. 13, 2008, 1i 2). The work was *954 performed at the house that defendant uses as his weekend and vacation residence located in the Town of Stanford, Dutchess County, New York.
In support of the motion, defendant claims that plaintiff seeks to recover money based upon a home improvement contract which is unenforceable. Defendant argues that at the time of soliciting or entering into the contract, and since then, plaintiff did not hold the requisite license as a home improvement contractor from the New York City Department of Consumer Affairs.
Administrative Code of the City of New York § 20-105 (a) provides that: “It shall be unlawful for any person required to be licensed pursuant to the provisions of chapter two or pursuant to provisions of state law enforced by the [Department of Consumer Affairs] to engage in any trade, business or activity for which a license is required without such license.”
Administrative Code § 20-387 (a) provides: “No person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor or salesperson from an owner without a license therefor.”
Administrative Code § 20-386 (2) defines “Home improvement” as:
“[T]he construction, repair, replacement, remodeling, alteration, conversion, rehabilitation, renovation, modernization, improvement, or addition to any land or building, or that portion thereof which is used or designed to be used as a residence or dwelling place .... ‘Home improvement’ shall not include . . . (ii) the sale of goods or materials by a seller who neither arranges to perform nor performs directly or indirectly any work or labor in connection with the installation of or application of the goods or materials.”
The Home Improvement Business Law provisions of the Administrative Code were enacted to safeguard and protect consumers against fraudulent practices and inferior work by home contractors (Administrative Code § 20-385; B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990]). Under the Code, those who conduct home improvement contractor businesses must be licensed and strict compliance with this licensing requirement is mandatory (Matter of Harmon v Ivy Walk Inc., 48 AD3d 344 [1st Dept 2008]). An unlicensed contractor is barred from enforcing a home improvement contract against an owner or *955 seeking recovery in quantum meruit (Blake Elec. Contr. Co. v Paschall, 222 AD2d 264 [1st Dept 1995]).
Here, there is no dispute that plaintiff is not a licensed home improvement contractor. Plaintiff argues, however, that the provisions of the Administrative Code do not apply to it because it is not, and never was, a home improvement contractor, but, instead, is a supplier and fabricator of marble and stone slabs (Shedrosfsky affidavit 1HI 3-4). Plaintiff claims that it does not seek or solicit retail business, that it sells “to the trade only,” it does not advertise to the public, and that its showroom is open only to those who are a part of the trade and their clients by appointment (Shedrosfsky affidavit 1i 5). Plaintiff contends that a license is not required to sell its materials or for the work it conducts (id. 1Í 6).
Plaintiff further contends that defendant was not invited by anyone on its staff nor was his business solicited by plaintiff in any way (Shedrosfsky affidavit 1i 8). Rather, defendant came to plaintiff with his architect, John K. Kinnear, Jr., R.A. (Id.) Further, plaintiffs understanding was that defendant himself was his own general contractor for the work at his property (id. 11 11). Plaintiff points out that the application for a building permit for the Town of Stanford identifies defendant as the general contractor (cross motion, exhibit B).
Discussion
As for plaintiffs claim that it is not a home improvement contractor, but merely a supplier and fabricator of marble and stone, the claim is contradicted by the proposal and revised proposal which provide for plaintiffs “installation” of the materials (moving papers, exhibits 4, 6, 7). In addition, plaintiff does not dispute defendant’s assertions that plaintiff had “installers” and made an “installation attempt” (Mills affidavit, Aug. 13, 2008, 11 22).
Plaintiffs argument that it did not solicit defendant’s business and that it sells only to members of the trade is unavailing. The language of Administrative Code § 20-387 (a) provides that “[n]o person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor . . . from an owner without a license therefor” (emphasis added). There is no dispute that plaintiff contracted with defendant who is not a member of the trade. Further, contained within the definition of “home improvement” is the limiting language that “ ‘[fijóme improvement’ shall not include . . . the sale of goods or materi *956 als by a seller who neither arranges to perform nor performs directly or indirectly any work or labor in connection with the installation of .. . the goods or materials” (Administrative Code § 20-386 [2] [ii] [emphasis added]). Here, while plaintiff sold marble to defendant, plaintiff also performed work in connection with the installation of the marble.
Plaintiff also argues that defendant was not a resident of the premises at the time the work was done as required by Administrative Code § 20-386. Further, because defendant was the general contractor on the job, plaintiff argues that he does not fall within the intended class of persons sought to be protected from the fraudulent practices of home improvement contractors.
Plaintiffs arguments are unavailing. Plaintiff refers to the case Ayres v Dunhill Interiors (138 AD2d 303 [1st Dept 1988]) in arguing that defendant does not meet the residency requirement of Administrative Code § 20-386. In Ayres (at 305), the defendant submitted evidence showing that the plaintiff owned three other apartments in the same building as the apartment where the work was conducted and that contract negotiations always took place at plaintiffs “fully-furnished apartment” in another apartment building. That is not the case here. Defendant admits that the house in Dutchess County is his weekend and vacation home and that his main residence is in Manhattan. There is no requirement under the Administrative Code that the subject residence be used as a primary residence, and plaintiff does not cite any case law that indicates there is such a requirement. Also, even though defendant is listed as the general contractor on the application for a building permit for the Town of Stanford (cross motion, exhibit B), he is still the “owner” of the residence as defined under section 20-386 (4). Thus, defendant falls within the class of persons sought to be protected by the licensing requirement.
Plaintiff also argues that the Administrative Code does not apply to its contract with defendant because the work was performed at defendant’s residence outside New York City. While New York City has a licensing requirement for home improvement contractors, the parties agree that neither the Town of Stanford nor Dutchess County has a similar licensing requirement. Given this disparity, the question is whether the Administrative Code is applicable to this action under choice-of-law principles.
In determining which law controls in this contract case, New York City or Dutchess County, the appropriate analytical *957 approach is the “grouping of contacts” approach (Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309 [1994]). Grouping of contacts is used to establish which jurisdiction has the most significant relationship to the transaction and the parties (Zurich Ins. Co., 84 NY2d 309 [1994]; Equis Corp. v Mack-Cali Realty Corp., 6 AD3d 264 [1st Dept 2004]). Factors that are considered are the place of contracting, place of negotiation and performance of the contract, the location of the subject matter of the contract, and the domicile or place of business of the parties (Equis Corp. at 266).
In considering the place of contracting, as well as negotiation of the contract, the location was New York City. Defendant claims that he dealt with plaintiff at plaintiffs Manhattan sales office in negotiating and coordinating the contract, and in particular with Brant Abrams and Claudia Klepp (Mills affidavit, Aug. 13, 2008, IT 11; mem of law at 4). With its main office and showroom located at 215 Park Avenue in Manhattan, and with a factory in Brooklyn, plaintiffs place of business is New York City. Defendant’s main residence is 215 East 68th Street in Manhattan and his weekend and vacation residence is located in the Town of Stanford, Dutchess County, New York. The performance of the contract and the location of the subject matter, however, are in the Town of Stanford in Dutchess County, New York. Thus, under this consideration, these factors are evenly drawn.
Another factor to consider, in addition to the contacts analysis, is the underlying policy and governmental interest behind the conflicting laws (Zurich Ins. Co., 84 NY2d 309 [1994]). Indeed, the Court of Appeals noted: “Theoretically, in a proper case, a foreign State’s sufficiently compelling public policy could preclude an application of New York law otherwise indicated by the grouping of contacts analysis, particularly where New York’s policy is weak or uncertain.” (84 NY2d at 319.)
Here, New York City has the licensing requirement in place “to safeguard and protect the homeowner against abuses and fraudulent practices by licensing persons engaged in the home improvement, remodeling and repair business” (Administrative Code § 20-385). Dutchess County does not have a similar licensing requirement. Clearly, then, New York City has articulated a compelling reason for having a licensing requirement.
Taking all of these factors into account, the licensing requirement of the Administrative Code applies to this case. The parties negotiated and contracted in New York City. Plaintiffs *958 business is in New York City as is defendant’s primary residence. New York City has a strong public policy behind its licensing requirement. Lastly, while the performance of the contract took place outside New York City, plaintiff did obtain the contract in New York City thus falling within the enumerated activities which require a license under Administrative Code § 20-387. Under these circumstances, plaintiff is barred from asserting its claim against defendant.
Accordingly, defendant’s motion for summary judgment dismissing the complaint is granted. Defendant’s counterclaims are hereby severed, and continued.
Plaintiff’s cross motion to dismiss the counterclaims is granted unless defendant complies with all outstanding discovery demands within 45 days after service of a copy of this order. In the event defendant fails to comply with this directive, and upon service of an affirmation of noncompliance, the clerk is respectfully directed to dismiss the counterclaims.