Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered June 22, 2009, which, to the extent appealed from, granted defendant owner’s motion for summary judgment dismissing plaintiff subcontractor’s claim seeking foreclosure on its mechanic’s lien for materials furnished for a home improvement project, unanimously affirmed, without costs.
Defendant owner had the initial burden on summary judgment of establishing prima facie that at the time the lien was filed, it owed no payment to the general contractor (Penava Mech. Corp. v Afgo Mech. Servs., Inc., 71 AD3d 493, 495 [1st Dept 2010]). It satisfied its burden by showing that by virtue of the general contractor’s unlicensed status, the home improvement contract entered between the two was rendered unenforceable pursuant to Administrative Code of City of NY §§ 20-386, 20-387 (see B & F Bldg. Corp. v Liebig, 76 NY2d 689, 692 [1990], citing Mortise v 55 Liberty Owners Corp., 102 AD2d 719 [1st Dept 1984], affd 63 NY2d 743 [1984]). Where a home improvement contract has been rendered unenforceable, there can be no funds due and owing from the owner to the unlicensed general contractor to support a subcontractor’s mechanic’s lien claim (see e.g. Administrative Code § 20-387 [a]; Matros Automated Elec. Const. Corp. v Libman, 37 AD3d 313 [1st Dept 2007]; see also Blake Elec. Contr. Co. v Paschall, 222 AD2d 264, 267 [1st Dept 1995]). Defendant owner further showed that it had no direct contractual relationship with plaintiff subcontractor; absent such relationship, “the rights of a subcontractor [must be] derivative of the rights of the general contractor and a subcontractor’s lien must be satisfied out of funds due and owing from the owner to the general contractor at the time the lien is filed” (Penava, 71 AD3d at 495 [internal quotation marks omitted]).
The burden shifted to plaintiff, which failed to raise any triable issue of fact in opposition to defendant’s motion. Concur— Andrias, J.P., Sweeny, Moskowitz, Freedman and Richter, JJ.