KSP Constr., LLC v LV Prop. Two, LLC (2024 NY Slip Op 00356)

KSP Constr., LLC v LV Prop. Two, LLC

2024 NY Slip Op 00356

Decided on January 25, 2024

Appellate Division, First Department

Higgitt, J., 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels
Jeffrey K. Oing Barbara R. Kapnick Bahaati E. Pitt-Burke John R. Higgitt

Index No. 656646/19 Appeal No. 1056 Case No. 2022-02921 

[*1]KSP Construction, LLC, Plaintiff-Appellant,
v
LV Property Two, LLC, et al., Defendants-Respondents, Ben Krupinski Builder LLC, Defendant.

Plaintiff appeals from the order of the Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about June 3, 2022, which granted defendant owners' cross-motion for summary judgment dismissing plaintiff's causes of action for breach of contract, unjust enrichment, account stated, quantum meruit, and foreclosure of its mechanic's lien (counts one through five) in its second amended complaint.

Smith, Gambrell & Russell, LLP, New York (Daniel Q. Horner of counsel), for appellant.
Law Offices of Matthew T. Worner, White Plains (Matthew T. Worner of counsel), for respondents.

Higgitt, J., 

We are asked to determine whether a business-entity owner of residential property can avail itself of the protections of the New York City home improvement contractor's license requirement (see Administrative Code of the City of New York § 20-387[a]). For the reasons that follow, we conclude that it can.
I.
Plaintiff, a contractor, commenced this action to recover damages for renovation work it performed at a Manhattan townhouse situated at 22 Carlton Street. The title owners of the premises are defendants LV Property Two, LLC, LV Property Three, LLC and Richmond Hill Crest, LLC (defendant owners). The renovation work was performed under a 2018 oral agreement between plaintiff and defendant owners, which those defendants allegedly terminated. Plaintiff sought the balance of the invoices due under causes of action for breach of contract, unjust enrichment, account stated, and quantum meruit, and to foreclose on the mechanic's lien it had filed encumbering the property. Plaintiff also asserted a cause of action for conversion of plaintiff's worksite tools.
Defendant owners moved to dismiss the complaint under CPLR 3211, arguing that plaintiff was barred from recovering for the renovation work because, at all relevant times, it did not possess a valid home improvement contractor's license from the New York City Department of Consumer Affairs.[FN1] On that basis, Supreme Court granted the motion in part, leaving only the conversion claim intact.
Plaintiff eventually filed a second amended complaint asserting the same causes of action that were previously dismissed, along with the still-extent conversion claim. The second amended complaint contained a new allegation that is germane to this appeal: that plaintiff was not required to possess a valid home improvement contractor's license at the time it performed the renovation work because the project was commercial in nature, and because defendant owners are business entities that therefore cannot reside in the townhouse.
Plaintiff sought summary judgment on its causes of action seeking to recover damages for the renovation work it performed, i.e. the causes of action that were previously dismissed because plaintiff did not have a valid home improvement contractor's license. Defendant owners cross-moved for summary judgment dismissing those causes of action.[FN2] Defendant owners' cross-motion was supported [*2]by, among other things, a purported affidavit of Richard Kellam (defendant owners' manager), the certificate of occupancy for the townhouse, and a deed for the premises. The purported affidavit was neither signed nor notarized; however, defendant owners submitted a signed and notarized affidavit from Kellam in reply.
Kellam averred that he formed defendant owners "for the sole purpose of having those entities listed [as] the owner[s] of [22 Charlton Street]"; that he was the manager of defendant owners; that the premises were purchased for his use as his personal residence; and that, upon completion of a gut renovation of the townhouse, he would "be using it solely as [his] personal residence." Kellam also averred that plaintiff was terminated for cause from the renovation project. The certificate of occupancy reflects that 22 Charlton Street is residential property. The deed reflects that the premises were transferred from the nonparty grantor to defendants LV Property Two, LLC and LV Property Three, LLC.
II.
Supreme Court, in a thorough decision, granted defendant owners' cross-motion for summary judgment and denied plaintiff's motion for summary judgment. Initially, the court determined that although Kellam's affidavit was not in admissible form when it was submitted with the underlying cross-motion, defendant owners cured the defects in the affidavit in their reply. Next, the court considered whether the home improvement contractor's licensing requirement applied to plaintiff. The court rejected plaintiff's contentions that the requirement did not apply to it because the renovation was commercial in nature, and because the property owners were business entities that could not reside in the townhouse. The court noted that "[plaintiff] does not dispute that the premises is a residential townhouse and that the [defendant owners'] manager, Richard Kellam, engaged [plaintiff] to perform a gut renovation to such townhouse in order to use it as his personal residence." The court also observed that "[n]othing in the Administrative Code or its declared legislative purpose distinguishes between an individual and a corporate homeowner," and that this Court had applied the home improvement contractor's licensing requirement to contractors that provided home improvement services to business entities (see Kamco Supply Corp. v JMT Bros. Realty, LLC, 98 AD3d 891 [1st Dept 2012]; JMT Bros. Realty, LLC v First Realty Bldrs., Inc., 51 AD3d 453 [1st Dept 2008]). Based on this reasoning, Supreme Court concluded that "the licensing requirements generally applicable to home improvement contractors were applicable to [plaintiff]."
III.
On appeal, plaintiff maintains that defendant owners' cross motion should have been denied. Plaintiff argues that the New York City home improvement contractor's licensing requirement does not apply where home improvement services are provided to business-entity homeowners like defendant owners. Plaintiff argues that only individual [*3]owners residing at the property are entitled to the protections of the licensing requirement. Alternatively, plaintiff maintains that, even if the home improvement contractor's licensing requirement applies here, defendant owners offered no evidence in admissible form establishing that Kellam intended to reside at the property after the renovation work was completed. In this connection, plaintiff asserts that Supreme Court erred in permitting defendant owners to correct the defects in Kellam's affidavit on their reply, where the form of the initial affidavit would not have constituted admissible evidence as to Kellam's residence at the property. Plaintiff does not suggest that the content of Kellam's affidavit was insufficient to establish, prima facie, that he intended to reside on the property; rather, plaintiff's objection relates to the admissibility of the affidavit.
Defendant owners counter that the home improvement contractor's licensing requirement applies where, as here, the title owner of residential property is an LLC and a member of the LLC resides on the property or intends to do so after the completion of the home improvement work. According to defendant owners, the home improvement contractor's licensing requirement protects both individual and business-entity homeowners. With respect to Kellam's intention to reside on the property, defendant owners assert that Supreme Court properly considered Kellam's "corrected" affidavit in reply, and that Kellam's averments, coupled with their documentary evidence (i.e. certificate of occupancy, deed), established Kellam's intent regarding the property.
IV.
The home improvement contractor's licensing requirement is part of the Home Improvement Business subchapter of the Licenses chapter of the Consumer Affairs title of the New York City Administrative Code. "[T]he purpose of the city council in enacting this subchapter [is] to safeguard and protect the homeowner against abuses and fraudulent practices by licensing persons engaged in the home improvement, remodeling and repair business" (Administrative Code § 20-385). The licensing requirement provides that "[n]o person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor from an owner without a license therefor" (id. § 20-387[a]).
Obtaining a home improvement contractor's license is neither a ministerial act nor a mere technicality (Blake Elec. Contr. Co. v Paschall, 222 AD2d 264, 266 [1st Dept 1995]; Matter of Heller [Clark Constr. Corp.], 178 AD2d 195, 195 [1st Dept 1991]). Rather, "strict compliance with the licensing statute [i.e. Administrative Code § 20-387] is required, with the failure to comply barring recovery regardless of whether the work performed was satisfactory, whether the failure to obtain the license was willful or, even, whether the homeowner knew of the lack of a license and planned to take advantage of its absence" (Chosen Constr. Corp. v Syz, 138 AD2d 284, 286 [1st Dept 1988]; see [*4]B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990]; Blake Elec. Contr. Co., 222 AD2d 264; Mortise v 55 Liberty Owners Corp., 102 AD2d 719 [1st Dept 1984], affd 63 NY2d 743 [1984]).
There is no dispute that plaintiff is a "contractor" for licensing purposes (see Administrative Code § 20-386[5]), and that plaintiff did not have a valid license. The controversy here essentially distills to whether defendant owners are "owners" within the meaning of Administrative Code § 20-387(a), and, if so, whether the agreement between the parties was a "home improvement contract" (Administrative Code § 20-386[6]). If the answer to both of those questions is yes, then plaintiff was required to have a home improvement contractor's license to recover for the work; if the answer to either question is no, then plaintiff did not need a license.[FN3]
Administrative Code § 20-386(4) broadly defines "owner" as "any homeowner, cooperative shareholder, condominium unit owner, tenant, or any other person who orders, contracts for or purchases the home improvement services of a contractor or the person entitled to the performance of the work of a contractor pursuant to a home improvement contract." As Supreme Court observed, no distinction is made in that section between an individual owner and an entity owner.
Although it is tempting to assume that an "owner" must be an individual, the City Council expressly defined the term "persons" as it is used in the Home Improvement Business subchapter to mean "an individual, firm, company, partnership or corporation, trade group or association" (Administrative Code § 20-386[1]).[FN4] A legislature is entitled to define the terms used in an act, and it is entitled to courts giving effect to the definitions it chooses to employ. The City Council could have provided that the licensing requirement does not apply where the title owner is a business entity or otherwise not an individual (cf. Administrative Code §§ 20-386[2] [listing matters that do not constitute "home improvement"], 20-397 [listing exceptions to licensing requirement]). The Council chose not to do so.
Therefore, defendant owners, which are LLCs, are "persons" for the purpose of applying the home improvement contractor's licensing requirement, and are "owners" under Administrative Code § 20-386(4).[FN5]
Regarding whether the agreement between the parties was a "home improvement contract," that type of contract is defined as "an agreement, whether oral or written, or contained in one or more documents, between a contractor and an owner, or contractor and a tenant, regardless of the number of residences or dwelling units contained in the building in which the tenant resides, provided said work is to be performed in, to or upon the residence or dwelling unit of such tenant, for the performance of a home improvement . . ." (Administrative Code § 20-386[6]). Here, there was an oral agreement between a contractor (plaintiff) and, as discussed above, owners (defendant owners). One element [*5]remains, however, in the home-improvement-contract equation: that the agreement be for the performance of a home improvement.
"Home improvement" is defined by the City Council as "the construction, repair, replacement, remodeling, alteration, conversion, rehabilitation, renovation, modernization, improvement, or addition to any land or building, or that portion thereof which is used or designed to be used as a residence or dwelling place . . ." (id. § 20-386[2]). The parties tacitly agree that the renovation work that occurred at the property was of the requisite character to constitute "home improvement" work, and there is no serious dispute that the property was of a residential character; the certificate of occupancy alone establishes the latter.
Plaintiff argues, in effect, that a home improvement contract within the meaning of Administrative Code § 20-386(6) can only exist if the owner resides at the property at which the work is performed. But no provision of the licensing law specifically imposes a requirement that the title owner of a residential structure who enters into a home improvement contract with a contractor for the performance of home improvement reside at the property. Rather, the residency requirement pertains to "tenants" of the property: a tenant who enters into an agreement with a contractor for the performance of a home improvement is entitled to the protections of the home improvement contractor's licensing requirement if the "work is to be performed in, to or upon the residence or dwelling unit of such tenant" (Administrative Code § 20-386[6]; see Ayres v Dunhill Interiors, 138 AD2d 303 [1st Dept 1988] [applying residency requirement to tenant]). No corresponding or similar requirement is placed on a title owner under Administrative Code § 20-386 or elsewhere in the Home Improvement Business subchapter. Reading Administrative Code §§ 20-386(1) ("Persons"), (2) ("Home improvement"), (3) ("Building"), (4) ("Owner"), and (6) ("Home improvement contract") together, it would appear that the title owner of a residential building that contains no more than four residences or dwelling units who enters into a home improvement contract with a contractor for the performance of home improvement can receive the protections of the licensing requirement regardless of whether the owner resides on the property.[FN6]
Even assuming that a residency requirement applies to the title owner of a property, an assumption we may have made on occasion (see Matilda Constr. v 420 E. 72nd St. Tenants Corp., 259 AD2d 374, 375 [1st Dept 1999] [cooperative shareholder]), defendant owners' evidence (Kellam's affidavit, the certificate of occupancy, and the deed) established, prima facie, that Kellam, defendant owners' manager, intended to reside on the property after the renovation was complete. As discussed above, Kellam averred that he formed defendant owners "for the sole purpose of having those entities listed [as] the owner[s] of [22 Charlton Street[*6]]"; that the premises were purchased for his use as his personal residence; and that, upon completion of a gut renovation of the townhouse, he would "be using it solely as [his] personal residence."
We reject plaintiff's contention that Supreme Court erred in permitting defendant owners to correct, in reply, the defects in Kellam's original affidavit. Supreme Court expressly considered and passed upon this CPLR 2001 issue, and we decline to disturb that discretionary determination (see Divito v Glennon, 193 AD3d 1326, 1327 [4th Dept 2021]; see also Supreme Automotive Mfg. Corp. v Continental Cas. Co., 97 AD2d 700 [1st Dept 1983]). Plaintiff does not allege (let alone establish) that it was prejudiced by defendant owners' belated submission of the affidavit in admissible form.
In opposition to defendant owners' cross-motion, plaintiff offered no evidence regarding Kellam's intention to reside at the property. Moreover, plaintiff has not invoked CPLR 3212(f), and it has not claimed that Kellam's averments presented issues of credibility that could not be resolved on summary judgment (cf. Quiroz v 176 N. Main, LLC, 125 AD3d 628, 631 [2d Dept 2015]). Thus, plaintiff failed to raise a triable issue of fact or invoke a cognizable objection to awarding summary judgment to defendant owners.
Therefore, Supreme Court correctly granted defendant owners' cross-motion for summary judgment.[FN7]
Accordingly, the order of the Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about June 3, 2022, which granted defendant owners' cross-motion for summary judgment dismissing plaintiff's causes of action for breach of contract, unjust enrichment, account stated, quantum meruit, and foreclosure of its mechanic's lien (counts one through five) in its second amended complaint, should be affirmed, without costs.
Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about June 3, 2022, affirmed, without costs.
Opinion by Higgitt, J., All concur.
Manzanet-Daniels, J.P., Kapnick, Oing, Pitt-Burke, Higgitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024

Footnotes

Footnote 1: Apparently, the New York City Department of Consumer Affairs issued plaintiff a home improvement contractor's license on November 25, 2014, but it expired on February 28, 2017, before the renovation work began.

Footnote 2: Both plaintiff and defendant owners additionally sought discovery-related relief. Those aspects of the parties' motions are not at issue on appeal.

Footnote 3: We agree with plaintiff that neither JMT Bros. Realty, LLC, 51 AD3d 453, nor Kamco Supply Corp., 98 AD3d 891, directly addressed the questions raised on this appeal (see Global Reins. Corp. of Am. v Century Indem. Co., 30 NY3d 508, 517 [2017]).

Footnote 4: Because the City Council expressly defined the word "persons" in Administrative Code § 20-386(1), plaintiff's reliance on the rule of construction ejusdem generis to inform the meaning of the word "person" in § 20-386(4) is misplaced (see McKinney's Cons Laws of NY, Book 1, Statutes, § 239[b], Comment at 407 ["The doctrine [of ejusdem generis] is useful only to assist in ascertaining the legislative intent when the language used is not clear; if the intent of the lawmakers is plain, the rule of ejusdem generis must yield."]).

Footnote 5: To the extent Jack A. Corcoran Marble Co. v Clark Constr. Corp. (155 Misc 2d 49 [App Term, 1st Dept 1993]) and its progeny (see White Orchid Estate Corp. v Cavan Corp. of NY, 2014 WL 1272191 [Sup Ct, NY County 2014]; Franklin Home Improvements Corp. v 6th Ave. Corp., 19 Misc 3d 1107[A], 2008 NY Slip Op 50593[U] [Sup Ct, Kings County 2008]; 11 E. 69th St. Redevelopment Assocs., LLC v SMI Constr. Mgt., Inc., 2007 WL 6496895 [Sup Ct, NY County 2007]) suggest otherwise, we decline to follow them.

Footnote 6: Administrative Code § 20-386(3) defines "building" for the purpose of construing "home improvement" (§ 20-386[2]) and "home improvement contract" (§ 20-386[6]) as "any structure containing no more than four residences or dwelling units." Thus, here, the universe of owners who can receive the protections of the licensing requirement is limited. We note that, based on defendant owners' uncontroverted evidence, defendant owners are functioning as neither commercial enterprises nor real estate speculators (cf. Franklin Home Improvements Corp., 19 Misc 3d 1107[A], 2008 NY Slip Op 50593[U], *3; Routier v Waldeck, 184 Misc 2d 487, 490 [Dist Ct, Nassau County 2000]).

Footnote 7: We note that our disposition rests on the interpretation and application of the New York City home improvement contractor's license requirement. Because defendant owners cross-moved for summary judgment on that requirement and did not seek summary judgment under CPLR 3015(e), we need not and do not consider that statute.